JULIA A. S. MORRISON et al., Appellants, v. FLORIAN DE DONATO, Respondents.

76 643
84 287

St. Louis Court of Appeals, November 15, 1898.

1. **Agreed State of Facts:** JUDGMENT: VERDICT: PRACTICE, APPELLATE. Where causes are tried upon an agreed state of facts, the judgment is a mere legal conclusion as upon a special verdict.

2. **Debtor and Creditor:** DEMANDS: PLEADING AND PRACTICE. A creditor can not split his demands against a debtor without the latter's consent.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

VALLE REYBURN for appellants.

The plaintiffs, under the admitted facts, were entitled to judgment for rental for the month of July as asserted by them, and the bringing at one and the same time of the three actions for distinct months respectively, and the judgment for the rental due for the first of said months did not legally preclude plaintiffs from recovering judgments in the remaining suits for the rental for months of June and July, confessedly unpaid. A plaintiff having separate demands against a defendant on contract, or arising from distinct wrongs, is not required to combine them in a single action, although in most cases he may at his election adopt the latter

course. Defendant's remedy was defined by the statute. 2 R. S. 1889, secs. 6221, 6222, 6223, 6224, p. 1473; Robbins v. Conley, 47 Mo. App. 502.

H. M. POLLARD for respondent.

The defense was and is that the judgment in the suit for the May rent is a bar to these two suits. Let us look at the decisions of the courts of this state. First comes Joyce v. Moore, 10 Mo. 271. That was a rent case; the court at page 273 said: If there had been other breaches of the covenant at the time of the bringing of the suit, and the plaintiff failed to claim damages for them, he would be precluded from bringing another action for those damages. The rule being that where a party has several causes of action growing out of the same contract, or resting in matter of account which may be joined in the same action, they shall be joined; and if the cause of action be split up and a suit brought for part only, and subsequently a second suit for the residue, the first action may be pleaded as a defense to the second. So where there are breaches of several covenants contained in one instrument, and a suit is brought for damages for some of the breaches and subsequently a second suit is brought for damages claimed under other breaches, all of the causes of action being in existence at the beginning of the first suit, the first action may be used as a defense against the second." Then Flaherty v. Taylor, 35 Mo., the court at page 451, said: "The authorities all agree that where the demand is an entirety although consisting of several items, if judgment be recovered for a part of it, the judgment is a bar to an action for the remainder." Now the action in this case grows out of the contract of letting. There was but one contract, and the three months' rent were all

past due when these suits were brought. Again, the supreme court in the case of Railroad v. Traube, 59 Mo., said at pages 362 and 363: "The plea of former recovery is very equitably and liberally construed by the courts, and if the subject-matter of the two suits are different, and the same question was not in fact litigated, and no evidence offered concerning it, the courts are disposed to allow the merits of the case to be investigated in the second suit. But there must, in consideration of public policy as well as settled law, be an end to litigation. The question is, whether the same cause of action has once been litigated and decided. If it has, there is an end to it, and ought to be, and it is the business of the party who brings the second action to show that the cause of action is different. The form of the action is very immaterial, and if the true cause be the same the judgment is conclusive, and therefore, a judgment in trover is a bar to an action of assumpsit for the same goods. 4 Rep. 34–36; 2 Black, 827; 3 Ch. Pl., 929; Agnew v. McElroy, 10 Sm. & M. 555. It is now well settled that a judgment concludes the rights of the parties in respect to the cause of action stated in the pleadings on which it was rendered whether it concludes the whole or any part of the demand sued on, upon the ground that an entire claim, arising either upon a contract or wrong, can not be split up into several actions. 26 Mo. 532; 35 Mo. 447; Secor v. Sturgis, 16 N. Y. 544; 15 Johns, 432; Id. 229; 16 Id. 137; 1 Wend. 487. Where the demands arise out of separate and distinct causes of action, the rule is otherwise. And even where several claims, payable at different times, arise out of the same contract or transaction, separate actions may be brought as each liability accrues—but in this case it has been held, that if no action is brought until more than one is due, all that are due must be included in one action;

and if an action is brought when more than one is due, a recovery in that suit will be a bar to a second action brought to recover the other claims that were due when the first was brought. Ref. Dutch Church v. Brown, 54 Barb. 191." In Taylor v. Heits, 87 Mo. 660, the court held that an action and covenant was entire and indivisible and that no second action can be maintained, although an assessment of the rents and profits of the land as damages in the first suit was made only up to the time of its institution.    *    *    *    In the case of Green v. our now celebrated Von der Ahe, 36 Mo. 398, the court said: "It is a well settled principle that an entire claim can not be split up and made the subject of several suits." The case of Steiglider v. Railroad, 38 Mo. App. 511, was an action to recover damages for an injury to the crop of grass in plaintiff's pasture, caused by animals going on the pasture from the defendant's railroad in consequence of its failure to fence the same. The petition contained two counts; one for the damages done to the crop in 1885, and the second to damages done to the crop in 1887. The defense was that suit had been therefore brought for damages to the crop in 1886 and a judgment had been recovered, and this defense was sustained by the court. The decision is very full. The case of Koenig v. Morrison, 44 Mo. App. 411, was a suit on a building contract, which contained a clause, which declared that if the payment was not made within ten days after it was due and demanded, and the party of the second part should have recourse to legal process to collect it, there should be allowed by the court trying said cause a reasonable attorney's fee in favor of the second parties. A suit was brought on this contract for the amount due, without asking for attorney's fees. Afterward this suit was brought for attorney's fees for collecting the first amount. The court sustained the defense,

that it was a splitting up of a cause of action. The court said at page 314: "It is a well settled principle that an entire claim can not be split up and made the subject of several suits. The form of action pursued is immaterial."

BOND, J.—This cause was tried in the circuit court on the following agreed statement of facts:

"Now at this day come the parties to the above entitled cause and stipulate and agree that the,same, being numbers 5,289 and 5,290 of the files of this honorable court, wherein Julia A. S. Morrison and Virginia S. Peugnet are plaintiffs, and Florian de Donato, is defendant, may be tried and submitted together, and that the following are the facts upon which the same are submitted to the court for its determination, to wit: "That on and prior to the fifteenth day of July, 1896, the defendant was and had been the tenant of plaintiffs of premises and storeroom known as number 519 Olive street, in the city of St. Louis, Missouri, whereof the plaintiffs were the owners, defendant being tenant thereof from month to month (the agreement for such tenancy not being in writing) at the rate of $350 per month, payable monthly in advance, and that on said date said defendant was in arrears for rental of said premises for a balance due and unpaid for the month of May, 1896, and for rental for the entire month of June, 1896, due and unpaid, and that defendant had on said fifteenth day of July, 1896, paid no rental for said month of July; that on said fifteenth day of July, defendant, at the request and with the consent of plaintiffs, vacated said premises, terminated said tenancy and delivered possession of the rented premises to plaintiffs; that thereafter, on the fourth day of September, 1896, said plaintiffs instituted three suits against defendant before the Honorable Richard B.

Haughton, justice of the peace for the Fourth District of the city of St. Louis, Missouri, all said suits being filed at one and the same time, one thereof being for rental of said premises 519 Olive street, for the month of May at the rate aforesaid of $350 per month, one for rental thereof for the month of June at said rate, and one for rental of said premises for one half of the month of July, 1896, at the rate aforesaid, to wit, $175; that said suits were one and all returnable and set for trial on the nineteenth day of September, 1896, at which time defendant and his counsel appeared, and by consent, and at the request of defendant's counsel, said suits for rental for the months of June and July were continued until the twenty-fifth day of September, 1896, but on said nineteenth day of September, said suit for rental for the month of May was tried and submitted, and a judgment rendered in favor of plaintiffs for the sum of $100 on the twenty-first day of September, by said justice, which judgment and costs were thereafter, to wit, on the twenty-third of November, 1896, satisfied by defendant by payment of same to the constable of said district; that on the second day of October, 1896, said two remaining suits, being the causes hereby submitted to this honorable court for its determination, were tried and submitted before and to said justice, being tried and submitted together upon testimony substantially establishing the foregoing facts, and thereafter said justice, on the fifth day of October, 1896, rendered judgment for defendant in both said causes, from which judgment plaintiff appealed to this honorable court. That defendant after said fifteenth day of July, 1896, ceased to be tenant of plaintiffs, and that defendant has paid no rental to plaintiffs for the premises aforesaid for the months of June and July, and the same is now unpaid." And upon which

facts so agreed on the court rendered judgment ·for defendant, and also overruled plaintiff's motion for new trial, from which ruling plaintiffs appealed.

Where causes are tried upon an agreed state of facts, the judgment is a mere legal conclusion as upon a special verdict, hence the only question presented is as to the propriety of the judgment. We do not think plaintiffs were entitled to recover under the admitted facts. It has been too often held to need a citation of authorities, that a creditor can not split his demands against a debtor without the latter's consent. In the case

CREDITOR can not split demands without debtor's consent.

at bar there was a single oral contract of letting whereunder a monthly rent was reserved. When the three suits were begun by plaintiffs the entire indebtedness claimed in each had accrued; all of it, therefore, should have been embraced in one action, unless plaintiffs intended to forego what was not so contained. There having been a recovery and satisfaction in one action, there can be no further recovery for any part of the debt not sued for in that action. For if this could be permitted it would result in a violation of the rule against the splitting of demands in invitum as to the debtor. Pettit v. Ins. Co., 69 Mo. 320. The judgment in this cause is manifestly right, and is affirmed. All concur.