THE STATE ex rel. JOHN F. CHASE et al. v. ROBERT W. HALL, Judge of Circuit Court.

In Banc, April 2, 1923.

1. **INJUNCTION: Restraining Prosecutions.** The general rule is that injunction will not lie to prevent a prosecution for the violation of a criminal statute. But such prosecution will be enjoined where it would work irreparable injury and other remedy is not adequate.

2. ———: ———: **Jurisdiction: Determined From Pleadings: Unconstitutional Statute.** Whether plaintiffs in the injunction suit to enjoin the prosecution for a violation of a criminal statute will suffer irreparable injury from said prosecution and have no other adequate remedy must be determined from the allegations of the petition for the writ of injunction. If such petition alleges facts showing that the plaintiffs named therein and others similarly situated will suffer irreparable injury to their property and business through criminal prosecutions if the legislative act upon which the prosecutions are based is held to be unconstitutional, the circuit judge has jurisdiction of the injunction suit; but otherwise he has no jurisdiction to enjoin the prosecution.

3. ———: ———: ———: **Unconstitutional Act: Prohibition.** Whether a statute upon which a criminal prosecution is based is unconstitutional is a question, if sufficiently raised by the petition, for the determination of the circuit judge to determine in the suit to enjoin the prosecution, if he otherwise has jurisdiction. But the unconstitutionality of the statute does not alone give him jurisdiction to enjoin a criminal prosecution. And the constitutionality of the statute being a question for the determination of the circuit judge before whom the injunction suit is pending, the Supreme Court, in a proceeding to prohibit him from hearing and deciding said suit, will proceed on the theory that the statute is constitutional.

4. ———: **Sufficient Pleading: Irreparable Injury: Prohibition.** A petition for injunction alleging that irreparable injury will result

to plaintiffs, engaged in a business entirely legal, if a certain void legislative act is enforced and they are prosecuted for its violation, and stating facts, which if true, will establish such irreparable injury, states a good cause of action for injunctive relief, and gives the circuit court jurisdiction of the injunction suit, and consequently said circuit judge will not be prohibited from proceeding to hear and determine the cause.

5. ———: ———: ———: Marketing Bureau Act. The facts well pleaded in a petition for injunctive relief must be taken as true in a suit to prohibit the circuit judge from entertaining it; and allegations that plaintiffs are commission merchants, and that the business they have built up through years of effort will be ruined, either if they attempt to comply with the Marketing Bureau Act of 1921 and take out the license required by it, or if they test its validity by submitting to criminal prosecutions wherein numerous fines will be imposed and numerous appeals will be necessary; that the act is unconstitutional, and that they will be ruined by its enforcement, whether they obey it or resist it in the ordinary course of standing trial for its violation and appealing in case of conviction, and stating facts which make manifest the truth of such allegations; that their business is entirely legal, and very important to the producers and consumers of farm products; that defendants threaten to enforce the penalties and cause plaintiffs to be repeatedly arrested and prosecuted, and that such course of procedure will submit plaintiffs to great expense, states a cause of action for a writ enjoining criminal prosecutions under said new act, and gives the circuit court as a court of equity jurisdiction of the injunction suit.

## *Prohibition.*

PRELIMINARY RULE DISCHARGED.

*Jesse W. Barrett,* Attorney-General, *Henry Davis,* and *R. W. Otto,* Assistant Attorneys-General, for plaintiff.

(1) A court of equity has no jurisdiction over a bill to stay criminal proceedings. State ex rel. v. Wood, 155 Mo. 425, 449; Merchants Exchange v. Knott, 212 Mo. 616; Old Dominion Telephone Co. v. Powers, 140 Ala. 220; Thompson v. Van Lear, 77 Ark. 506; Sullvan v. San Francisco Gas Co., 148 Cal. 368; Canon City v. Man-

ning, 43 Colo. 144; Paulk v. Sycamore, 104 Ga. 24; Poyer v. Des Plaines, 123 Ill. 111; Snouffer v. Tipton, 161 Iowa, 223; Brown v. Nichols, 93 Kan. 737; New Orleans Baseball Co. v. New Orleans, 118 La. 228; Pratt Food Co. v. Bird, 148 Mich. 631; Milton Dairy Co. v. Great Northern R. Co., 124 Minn. 239; State v. Southern Railroad, 145 N. C. 495; Wallack v. Society for Reformation of Delinquents, 67 N. Y. 23; State v. Lord, 28 Ore. 498; Pennsylvania Railroad Co. v. Ewing, 241 Pa. St. 581; Kelley v. Conner, 122 Tenn. 339; Austin v. Austin City Cemetery Assn., 87 Tex. 330; Flaherty v. Fleming, 58 W. Va. 669; Benz v. Kremer, 142 Wis. 1; Littleton v. Burgess, 14 Wyo. 173; In re Sawyer, 124 U. S. 200; Fitts v. McGhee, 172 U. S. 516; Dalton Adding Machine Company v. Virginia, 236 U. S. 699. (2) The Marketing Bureau Act imposes only a personal charge upon individuals, partnerships and corporations and can form no basis for a proceeding against their property or business. State ex rel. v. Wood, 155 Mo. 425, 449; Ex parte Sawyer, 124 U. S. 200; Fitts v. McGhee, 172 U. S. 541; Beach on Injunctions, 574; Sec. 1366, 1368, R. S. 1919; Laws 1921, p. 30. (3) A multiplicity of prosecutions is not a multiplicity of actions. State ex rel. v. Wood, 155 Mo. 449; Merchants Exchange v. Knott, 212 Mo. 616, 646. (4) A criminal prosecution cannot be restrained by a court of equity even though such prosecution grows out of an unconstitutional statute. State ex rel. v. Woods, 155 Mo. 425; Kearney v. Laird, 164 Mo. App. 414; Fitts v. McGhee, 172 U. S. 531; Johnson v. Garrick, 20 N. Y. Sup. 327; Beach on Injunctions, 574; Dalton Adding Machine Co. v. Virginia, 236 U. S. 699. (5) A party threatened with a criminal prosecution for the non-payment of an invalid license tax has three adequate remedies at law; first, he may await arrest and defend on the invalidity of the act; second, after arrest he may in *habeas corpus* proceedings assert the invalidity of the statute; third, he may pay the license tax under protest and recover it. State ex rel. v. Wood, 155 Mo. 425; Merchants Exchange v. Knott, 212 Mo. 616; Kearney v. Laird, 164 Mo. App.

414; Dalton Adding Machine Co. v. Virginia 236 U. S. 699. (6) The bill in the circuit court praying for injunctive relief does not allege such facts as to bring the case under any recognized head of equity jurisprudence. Laws (1 Ext. Sess.) 1921, p. 30; State ex rel. v. Wood, 155 Mo. 448; Merchants Exchange v. Knott, 212 Mo. 646:

*Charles P. Williams, Glendy B. Arnold* and *Percy Werner,* for defendant.

(1) A person's occupation or calling and a lawfully established and going business constitute property rights. Martin v. Baldy, 249 Pa. St. 259; Truax v. Raich, 239 U. S. 33, 39; Clarkson v. Liablan, 178 Mo. App. 708; Lohse Patent Door Co. v. Fuelle, 215 Mo. 421, 449. (2) Equity has jurisdiction to prevent by injunction the enforcement of unconstitutional enactments, when necessary for the safeguarding of rights of property. Truax v. Raich, 239 U. S. 37; Rast v. Van Deman & Lewis, 240 U. S. 342, 355; Dobbins v. Los Angeles, 195 U. S. 223; Kennington v. Palmer, 255 U. S. 100; Ex parte Young, 209 U. S. 123; Moneyweight Scale Co. v. McBride, 199 Mass 503; Michigan Salt Works v. Baird, 173 Mich. 655; Huntsworth v. Tanner, 87 Wash. 670; State v. Cass County, 17 N. D. 285; Spaulding v. McNary, 64 Ore. 491; Allen v. Live Stock Co., 275 Fed. 5; Hall v. Dunn. 52 Ore. 475; Fearis v. Gafford, 204 S. W. (Tex.) 675; Bonnett v. Vallier, 136 Wis. 193; Manufacturers & Merchants Insp. Bureau v. Buech, 181 N. W. (Wis.) 125; Martin v. Baldy, 249 Pa. St. 253; Clark v. Harford Agricultural & Breeding Assn., 118 Md. 608; Railway Co. v. Conley & Avis, 67 W. Va. 129; Baldwin v. Atlanta, 147 Ga. 28; Zweigart v. Ry. Co., 170 S. W. (Ky.) 1194; Huston v. City, 176 Iowa, 455; Star Company v. Brush, 185 App. Div. (N. Y.) 261; Wiseman v. Close, 183 N. Y. Supp. 353; Wilkie v. Chicago, 188 Ill. 444; Brown v. Nichols, 93 Kan. 737; Mobile v. Orr. 181 Ala. 308; Southern Express Co. v. Ensley, 116 Fed. 756; New Orleans Baseball Co. v. New Orleans,. 118 La. 228; Lee's Summit v. Richter, 217 Fed. 965. (3) The cir-

cuit courts of this State are possessed of full equitable jurisdiction, except so far as expressly limited by statute, and the general test of equity jurisdiction lies in the lack of a plain, adequate and complete remedy at law. Sec. 1969, R. S. 1919; Hanson v. Neal 215 Mo. 256, 279; Pocoke v. Peterson, 256 Mo. 501, 519. (4) The allegations of the bill filed in the circuit court, which stand confessed, show that the legal remedy is not "plain, adequate and complete." The property rights of the plaintiffs are injuriously affected by the statute in question if it be held unconstitutional. Pocoke v. Peterson, 256 Mo. 519. (5) Plaintiffs were not bound to comply with the terms of a statute which they believed to be unjust and unconstitutional; nor was the only alternative to ignore the law and subject themselves and employees to criminal prosecutions; they had the right to seek a plain, adequate and complete remedy against official injuries under color of an unconstitutional statute in the courts of equity. Ex parte Young, 209 U. S. 165; Minneapolis General Electric Co. v. City of Minneapolis, 194 Fed. 213, 222; Fredenberg v. Whitney, 240 Fed. 822; White v. Delano, 270 Mo. 16, 28; Coal Co. v. St. Louis, 130 Mo. 328; Huntsworth v. Tanner, 87 Wash. 683; Merchants' Exchange v. Knott, 212 Mo. 616.

DAVID E. BLAIR, J.—This is an original proceeding in prohibition against respondent (referred to in the caption as defendant) as one of the judges of the Circuit Court of the City of St. Louis to prevent him from entertaining jurisdiction of or trying a suit brought by certain commission merchants against the members of the State Board of Agriculture, the State Marketing Commissioner and one of his deputies and the prosecuting attorney of the city of St. Louis (relators in this proceeding and referred to as plaintiffs in the caption) to enjoin criminal prosecutions against such commission men for violation of certain provisions of the State Marketing Bureau Act, enacted at the first extra session of

the Fifty-first General Assembly, said act being found at page 29 of the acts of such session.

It is contended by relators that no property rights are involved and, therefore, that an action will not lie to enjoin criminal prosecutions under the act; that respondent has exceeded his jurisdiction in entertaining the injunction suit and issuing a temporary injunction. This is the sole question for determination.

A brief study of the Marketing Bureau Act is essential to an understanding of the question at issue. An act was passed at the regular session of the Fifty-first General Assembly (Laws 1921, p. 139) creating a state marketing bureau within the department of agriculture and in charge of a state marketing commissioner appointed by the commissioner of agriculture. A department of agriculture was created by another act passed at the same session. [Laws, 1921, p. 125.] The latter act was referred to the people under the provisions of Section 57, Article IV, of the Constitution (subsequently failing of approval), and at the first extra session of the same General Assembly the Marketing Bureau Act previously enacted was repealed and a new law enacted in lieu thereof. [Laws 1921, First Extra Session, p. 129.]

The latter act (here under consideration) provides for the appointment of a state marketing commissioner by the State Board of Agriculture (or its successor at law) by the consent of the Governor. Sections 12146a to 12146g cover the relationship between the marketing bureau and commission merchants. In brief, these sections provide for licensing such merchants; payment of a fee therefor, based on annual gross volume of sales; giving of bond by the commission men for the faithful accounting and payment to consignors of the proceeds of all farm products sold; inquisitorial powers on the part of the marketing bureau and holding of hearings upon complaints or in investigations; power to refuse and to revoke licenses to transact business upon specified grounds; court review of decisions and orders of the

marketing bureau and the making of rules and regulations. Said act defines offenses on the part of commission merchants, including doing a commission business without a license, with penalties therefor, denoted as misdemeanors, with a fine of not less than fifty dollars and not exceeding five hundred dollars for each offense.

The general rule is that injunction will not lie to prevent prosecution for the violation of the provisions of a criminal statute. [State ex rel. v. Wood, 155 Mo. 425, l. c. 449; Merchants Exchange v. Knott, 212 Mo. 616, l. c. 646, and cases cited in brief of plaintiffs.]

But prosecutions for violation of a criminal statute may be enjoined where the remedy is not adequate and such prosecutions would work irreparable injury. [Merchants Exchange v. Knott, supra, foot page 64; State ex rel. v. Wood, supra, l. c. 447.]. It therefore remains to determine whether plaintiffs in the injunction suit have brought themselves within this exception to the general rule. This must be determined from the allegations of the petition in the case pending before respondent. If such petition alleges facts showing that plaintiffs named therein and others similarly situated will suffer irreparable injury to their property and business through criminal prosecutions if such marketing bureau act be held to be unconstitutional, then respondent has jurisdiction; otherwise he has no such jurisdiction. We are not here called upon to determine the constitutionality of the act. This is a question for respondent to determine in the proceeding before him, if he otherwise has jurisdiction. We approach the question before us with the assumption that the law may be unconstitutional. Such unconstitutionality alone does not give respondent jurisdiction to enjoin criminal prosecutions. [State ex rel. v. Wood, supra, l. c. 451; Merchants Exchange v. Knott, supra, l. c. 646.]

After reciting the names of the numerous plaintiffs and stating whether they are individuals, firms or corporations, and the business in which each is engaged, and naming the defendants and describing their relation-

ship to the State Marketing Bureau and their duties in connection therewith under the act creating such bureau and the manner in which plaintiffs conduct their respective businesses, the petition sets out various grounds upon which plaintiffs claim the act violates the State and Federal Constitutions. It is unnecessary to set out such allegations at length. We think the constitutional questions are sufficiently raised by the petition in the injunction suit to entitle plaintiffs to have such questions considered in the trial by respondent; if he has jurisdiction to entertain the suit. The various allegations attacking the constitutionality of the act point out the exact constitutional provisions claimed to have been violated, state facts upon which plaintiffs rely and state the reasons under the facts pleaded why the act violates such provisions.

The petition in the case is very lengthy and is set out in full in the abstract, several pages thereof being devoted to a statement of the facts which plaintiffs claim constitute irreparable injury to property rights and authorize injunctive interference. Respondent has made as concise a synopsis as possible of the petition in his brief, and, since we are satisfied that this correctly covers the substance of the petition on the point, we quote such synopsis in full:

"These facts are, in brief, that some hundred firms and corporations are engaged in a business in the city of St. Louis, which falls within the definition and regulations of the law attacked as unconstitutional and void; that their respective businesses have long been followed by the plaintiffs and have been organized and built up into an established course of dealing after many years of effort and expense; that the said pretended act denies to them the right to continue their said businesses and course of established dealing as heretofore built up and conducted; that they cannot continue in business at all, except upon giving a minimum bond in the sum of five thousand dollars, which is to be increased by a public official according to the respective volumes of business, so

that many of the plaintiffs will be required to give bonds ranging in amount from twenty-five thousand dollars to fifty thousand dollars or more; that the bonds required can be obtained only from surety companies, who require a deposit of collateral security, the giving of which will withdraw from and render useless in the business the collateral required; that this requirement will force many out of business; that unless they comply with the act and give the bond and meet the other requirements thereof, plaintiffs must discontinue their established practice of buying on consignment or otherwise than f. o. b. for cash, for the reason that it is impracticable to send buyers through the various neighborhoods to inspect and pay cash for the produce purchased, and even in such event they would have no protection against wrongful or fraudulent practices or breaches of contract on the part of the various vendors; that the act undertakes to subject the plaintiffs and their books, accounts and other documents without limitation to the constant supervision and inquisition of the officials charged with the enforcement of the act, with respect to every transaction involved, either in the solicitation, the receipt, the sale or the attempted sale of any farm products (as defined by the act) on commission or on contract, and empower such official at any time and without notice to the plaintiffs to take testimony under oath from their employees or other persons with respect thereto; that the defendants are threatening to exercise such inspection and inquisition; that the said act imposes a heavy expense and burden on plaintiffs in the keeping of records and the transmission of information, thereby adding greatly to the expense of doing business; that the defendants propose, under said act, to publish and disseminate among the public and producers approved lists of commission merchants from which plaintiffs will be omitted, on in which they will be animadverted on for failure to comply with said law, thus operating a blacklist of these plaintiffs and injuring their standing and their business; that the law makes a separate offense out of each separate act of

receiving or offering to receive or sell or offering to sell any kind of farm products or of advertising or holding one's self out as engaged in or authorized to engage in the commission business as defined in the said act, punishable by a fine of not less than fifty or more than five hundred dollars; that these plaintiffs being already engaged in the business are unable to close their doors and abstain from the multitudinous transactions involved in the conduct of their said business; that in so doing the plaintiffs have already incurred many thousands of dollars in penalties and said penalties are accumulating with respect to each of these plaintiffs in the sum of thousands of dollars daily; that such penalties are so excessive and so aggregated as to amount to prohibition and deterrence from testing the validity of the alleged law otherwise than by means of this bill in equity, with out incurring the risk of ruin; that the defendants are threatening to enforce the penalties of said law and to cause plaintiffs to be repeatedly arrested and prosecuted for failure to comply with it; that such proceedings will result in great publicity and notoriety; that plaintiffs' business is peculiarly dependent upon the confidence and estimation of the public and especially of the producing and purchasing classes; that the attempts to enforce and compell plaintiffs to observe and comply with the law will greatly lessen and injure the flow of business otherwise naturally accruing to plaintiffs in the ordinary and accustomed course of their business, thereby inflicting injuries incalculable in the amount of damages; that the repeated arrests threatened will constitute repeated trespasses (under this void law) by the Marketing Commissioner and his deputies and by the police officers concerned, none of whom have sufficient financial responsibility to answer adequately in damages, nor is any legal measure thereof possible; and that plaintiffs' very right to remain in business is by the said act subjected to the arbitrary discretion of the Marketing Commissioner for which, in many respects, no fixed or legal standard is established.''

The case of Merchants Exchange of St. Louis v. Knott, 212 Mo. 616, supra, is the latest expression of this court on the question now before us. LAMM, J., there said at page 646:

"But the charge of irreparable injury is sufficient to sustain the jurisdiction of a court of equity. The objection made to the charging part of the bill in regard to irreparable injury, is, in substance, that the pleading is a mere bundle of conclusions, and that no traversible allegations are made upon which issue can be joined and upon which irreparable injury can be predicated, but we do not agree to that. Plaintiffs allege that their business (describing it) of grain weighing and certification, a valuable asset and property right in grain dealing, built up (they say) and nurtured for many years by them, is about to be struck down and ruined and their grain markets ruined in ways pointed out by the enforcement of an unconstitutional law. The thing threatened to be done directly pertains to property rights which the bill alleges plaintiffs have acquired. Certainly, it could not be contended that the business of grain dealing, grain weighing and grain certification by grain dealers, warehousemen, and elevators is *per se* an illegal business. Conceding it is under the State's police power, yet that police power must be exercised through a valid law. Now, an unconstitutional law is the same as no law at all; and on demurrer, we must assume the allegations of the petition relating to irreparable injury in the way specified are true. This being so, we conclude the bill states a cause of action, and nothing said in State ex rel. v. Wood, supra, when rightly understood, militates against that conclusion."

In this case, as in the Merchants Exchange Case, plaintiffs allege in their petition (and in this proceeding the facts well pleaded therein must be treated as true) that their businesses as commission merchants, built up by years of effort, will be ruined, either if they attempt to comply with the Marketing Bureau Act and take out the required license, or if they test the validity of the law by

submitting to criminal prosecutions wherein numerous fines will be assessed and numerous appeals necessary. They will be ruined by the enforcement of the alleged unconstitutional law, whether they obey it or resist it in the ordinary course of standing trial and appealing from convictions. Their business is an entirely legal business, and very important to the producers and consumers of farm products. Their established businesses represent property rights which will be seriously impaired, if not altogether wrecked, by the enforcement of the law before its validity can be determined in the ordinary course through conviction and appeals. As in the Merchants Exchange Case, plaintiffs' situation calls for relief which only the strong arm of the court of equity affords. If the law is valid, it can be determined in one action. If it is invalid, it should be speedily determined. The petition alleges that defendants threaten to enforce the penalties of said law and cause defendants to be repeatedly arrested and prosecuted. It must be assumed that relators intend to do so. Such course of action will require defendants to take appeals in all cases of conviction, resulting in great labor and expense in furnishing appeal bonds and in paying for bills of exceptions and in printing of abstracts and briefs and fees and expenses of counsel. Such prosecutions will tend to impair the confidence of their customers and thus tend to destroy the business of such commission men.

Relators rely on State ex rel. v. Wood, supra. That case conceded that a court of equity may enjoin criminal prosecutions where irreparable injury to property rights will result, but held that the petition did not state facts showing that such irreparable injury would result save for the intervention of a court of equity by an injunction; that there were no traversable allegations of fact in the petition. The main fact considered there was the requirement that all beer or malt liquors should be inspected by the beer inspector. The court held that there was no requirement that each barrel or bottle of beer should be inspected; that a practical, common sense

method of inspection would not disturb the brewers' business at all or interfere with their business and that no injury to their property would occur. No general supervision of the brewery business or of those who might engage therein was attempted. That case is different from the one before us. An enforcement of the Marketing Bureau Act will require intimate and detailed participation on the part of the commissioner in the entire business of the commission men. The burdens of compliance are alleged to be as unendurable as the criminal prosecutions for resistance, both being alleged as disastrous and destructive in their effects. There is substantial basis found in the act for the fears of such commission merchants.

Numerous cases are cited in the briefs of counsel, but we deem it unnecessary to discuss them. The Merchants Exchange Case was exhaustively considered, was soundly ruled, and is controlling in this case. Doubtless the business of those engaged in the inspection of grain would have been entirely taken over by the State and for that reason the facts in the Merchants Exchange Case are stronger than those in the case before us. But the facts in this case are stronger than those alleged in the petition under consideration in State ex rel. v. Wood.

It is clear that property rights of the plaintiffs in the injunction suit are involved, and under the allegations of the petition irreparable injury will result to such rights from the multiplicity of threatened criminal prosecutions under the act. We think the commission men have brought themselves within the rule and reason of the Merchants Exchange Case. The entire question of the constitutionality of the Marketing Bureau Act can thus be settled in one case and we think respondent has the right, under the allegations of the petition in the case pending before him, to pass upon this question.

The preliminary rule should be discharged. It is so ordered. All concur, except *Ragland, J.,* not sitting.