WILLIAM MOOTS, Respondent, v. CITY OF TRENTON, Appellant.—No. 40729.—214 S. W. (2d) 31.

Division One, October 11, 1948.

*C. J. Hoover* and *L. A. Warden,* City Attorney, for appellant.

274

*Thomas J. Layson* and *Herbert S. Brown* for respondent.

[32] BRADLEY, C.—Action to enjoin the City of Trenton, a city of the third class, from the prosecution of plaintiff (respondent) for the violation of a city ordinance. The trial court granted the relief sought and the city appealed. Plaintiff contends that to enforce the ordinance against him by prosecution in the city court for its violation would be a violation of his rights under the due process clauses of both the state and federal Constitutions, hence the appeal to the supreme court.

Ordinance No. 1653 fixed the annual license fee of certain occupations, trades, and businesses. The annual license fee for automatic musical instruments, coin operated, was $50.00. An amendment re-

duced this to $30.00. Violation of the ordinance was made a misdemeanor punishable by a fine of not more than $100.00 or by imprisonment in the city jail for not more than 3 months, or by both such fine and imprisonment. Without procuring the license as required by the ordinance plaintiff had five coin operated music machines at different business establishments in Trenton; he furnished the machines and the records and split the intake 50-50 with the owners of the business houses where the machines were placed. Complaint was filed against plaintiff in the police court for violation of the license ordinance and thereupon the present cause was filed to enjoin the prosecution of said complaint.

There are two questions presented: (1) May plaintiff resort to a court of equity to enjoin the prosecution in the city court for a violation of the ordinance? and (2) Did the city have statutory authority for requiring a license fee to be paid for the operation in the city of a coin operated music machine?

In the petition to enjoin plaintiff alleged that the city had filed in its police court a complaint against him for the violation of the city ordinance and that the city would continue from time to time to file such complaints against him and frequently cause his arrest and thereby create a multiplicity of such complaints against him and thereby compel him to pay out large sums of money, and it is alleged that unless the city be enjoined from such prosecutions plaintiff will suffer irreparable injury. And it was conceded that it was the intention of the city to prosecute plaintiff "for each and every offense" of violating said ordinance; that if plaintiff continues to operate the music machines without procuring a license for each machine, "he will be prosecuted for each time he operates them", and that "each day of operation" without the license would be considered a separate violation of the ordinance.

Glencoe Lime & Cement Co. v. City of St. Louis et al., 341 Mo. 689, 108 S. W. (2d) 143, was to enjoin the enforcement of a zoning ordinance which provided a penalty for violation as does the present ordinance. The point was made there that there was an adequate remedy at law; that the constitutionality of the ordinance could be challenged in any prosecution for violation of the ordinance. In ruling the point the court said: "But is the remedy at law adequate? It must be remembered that the injury complained of here is continuous. The ordinances are continuous, and plaintiffs' business is continuous, and, under the ordinances, for each wagon load of coal sold and delivered in violation of the restrictive provisions thereof, the plaintiffs each become subject to an action in the municipal courts of the city for such violation. The fact that in each of such suits the plaintiffs might plead [33] successfully the invalidity of the ordinances as a defense thereto, does not give them an adequate remedy." See also, Sylvester Coal Co. et al. v. City of St.

Louis et al., 130 Mo. 323, 32 S. W. 649; Jewell Tea Co. et al. v. City of Carthage et al., 257 Mo. 383, 165 S. W. 743; Hays v. City of Poplar Bluff et al., 263 Mo. 516, 173 S. W. 676. We think that under the facts here relief by injunction was available to plaintiff.

Did the city have statutory authority to levy a license tax on a music machine? Article 5, Chapter 38, R. S. 1939, Secs. 6865 et seq., Mo. R. S. A. Secs. 6865 et seq. deals with cities of the third class. Sec. 6986 of this article empowered the city council to levy and collect a license tax on certain named occupations. Section 6986 was repealed in 1943, and a new section enacted in lieu thereof. Laws 1943, p. 701. The city contends that the license tax on plaintiff's music machines was authorized by Sec. 6986, and also contends that the license tax on these machines was authorized under Secs. 6932, 6949, and 6950 of said article 5. On the other hand plaintiff contends that the license tax on the music machines was not authorized under either of these sections or any other section.

In Sec. 6986 there are 212 occupations, businesses, etc. named upon which the city council is authorized and empowered to levy and collect a license tax. Music machines are not mentioned, but the section, after naming the 212 occupations, etc., concluded by saying "and all other vocations and business whatsoever, and all other pursuing like occupations." The city contends that this concluding language is sufficient to cover the music machines in question.

Sec. 7440 R. S. 1939, Mo. R. S. A. Sec. 7440, provides: "No municipal corporation in this state shall have the power to impose a license tax upon any business avocation, pursuit or calling, unless such business avocation, pursuit or calling is specially named as taxable in the charter of such municipal corporation, or unless such power be conferred by statute."

The City of Trenton has no special charter; its charter, so to speak is the statute. It is conceded that the business of operating music machines is not specifically mentioned in Sec. 6986. The question as to whether the concluding language of this section is sufficient to support the license tax on music machines is quite clearly answered in the negative, we think, in Siemens v. Shreeve et al. (banc), 317 Mo. 736, 296 S. W. 415. That case was in habeas corpus. Petitioner Siemens was an architect in Kansas City. He was convicted in the municipal court on the charge of violating a city ordinance imposing a license or occupation tax on architects. He refused to pay the fine assessed; was thereupon committed and brought habeas corpus. Architects were not mentioned in the city's charter, and there was no statute authorizing the city to impose a license tax on architects. The contention there was the same as here, that is, that the catchall language in the charter provision empowering the city to levy a license tax on occupations, etc. was sufficient to include architects. The charter provision empowered the city to levy a

license tax on various occupations, naming them, but did not name architects. The charter provision there concluded as follows: "and to license, tax and regulate all occupations, professions, trades, pursuits, corporations and other institutions and establishments, articles, utilities and commodities, not heretofore enumerated, of whatsoever name or character . . ."

In ruling the point in the Siemens case the court pointed out that a city has no inherent power to tax; that such power rests primarily in the state, but may be delegated by constitutional provision or by statutory enactment; that the authority for a city to tax must be expressly granted or necessarily incident to the powers conferred and in case of doubt the power to tax is denied. It was held that Kansas City was not empowered under the catchall language, supra, of the charter to levy a license tax upon architects. The point is considered at some length in the Siemens case and it could serve no useful purpose to deal further with the subject [34] here, but we make reference to the following cases which are to the same general effect as the Siemens case that a city has no power to tax a business or occupation unless such business or occupation is specifically named as subject to the license tax in the city's charter, if it has a special charter, or in the statute if there be no special charter. City of Ozark v. Hammond, 329 Mo. 1118, 49 S. W. (2d) 129; City of St. Charles v. St. Charles Gas Co., 353 Mo. 996, 185 S. W. (2d) 797; City of Lebanon v. Joslyn (Mo. Sup.), 58 S. W. (2d) 289; Keane v. Strodtman, 323 Mo. 161, 18 S. W. 896. We rule that the City of Trenton was not empowered by Sec. 6986 to levy a license tax upon music machines because such machines were not specifically named therein.

Is the city's license tax contended for here by the city authorized by Secs. 6932, 6949, and 6950 R. S. 1939, or under either of these sections? Sec. 6932 authorizes a city of the third class to provide by ordinance "for the levy and collection of all taxes, licenses, wharfage and other duties herein (in article 5) enumerated." Manifestly Sec. 6932 is no authority for levying a license tax on a music machine. ▮ Secs. 6949 and 6950 deal with the subject of police powers of cities of the third class. Plaintiff says that the provision in ordinance No. 1653 levying a license tax upon music machines was solely for revenue and not the exercise of the police power to regulate, supervise and control. "A license imposition upon a business or occupation which is not one calling for police regulation is a revenue tax. However, a license enactment is a tax when, and only when, revenue is the main purpose for which it is imposed. In general, therefore, where the fee is imposed for the purpose of regulation, and the statute requires compliance with certain conditions in addition to the payment of the prescribed sum, such sum is a license proper, imposed by virtue of the police power; but where it is exacted solely for revenue

purposes and its payment gives the right to carry on the business without any further conditions, it is a tax.'' 33 Am. Jur. Sec. 19, p. 340. See also 37 Corpus Juris, Sec. 6, pp. 169-171; Viquesney v. Kansas City et al., 305 Mo. 488, 266 S. W. 700. Ordinance 1653, as amended, so far as concerns a license tax on a coin operated music machine, merely fixes the license at $30.00 per year, and provides a penalty for operating such machine without first procuring the license required by the ordinance. There were no other provisions. We rule that ordinance 1653, so far as. it concerned coin operated music machines, was solely for revenue and was not the exercise of the police power. The cases of City of Monett v. Campbell (Mo. App.), 204 S. W. 32, and Zinn v. City of Steelville et al., 351 Mo. 413, 173 S. W. (2d) 398, do not aid defendant city.

The judgment should be affirmed and it is so ordered. *Dalton* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.