Woodrow BROWNING, Rollie Browning, James Browning, Junior Ernest Browning, Clifford Browning, William A. Browning and Gilbert Browning, Plaintiffs-Appellants,

v.

The CITY OF POPLAR BLUFF, a municipal corporation, John West, Mayor of the City of Poplar Bluff, Mrs. A. A. Fonda, City Clerk, and Eldon Whitworth, Chief of Police, Defendants-Respondents.

No. 8189.

Springfield Court of Appeals.

Missouri.

Aug. 20, 1963.

Byron Kearby, Poplar Bluff, for plaintiffs-appellants.

Ted M. Henson, Jr., Poplar Bluff, for defendants-respondents.

HOGAN, Judge.

In this case, the plaintiffs, who are the owners and operators of a junk yard and automobile salvage business, sought to enjoin the enforcement of a penal ordinance enacted by the defendant City. The trial court granted a temporary injunction. The City then filed an Answer, and the cause was submitted on stipulated facts. The trial court then dissolved the temporary injunction and refused a permanent one. The plaintiffs have appealed.

The ordinance in question prohibits the establishment, maintenance or operation of any auto wrecking yard or junk yard within the defendant City, unless "such auto wrecking yard or junk yard is screened from the view of the public by a tight board or other screen fence not less than eight feet high." Violation is punishable upon conviction by a fine ranging from $25.00 to $50.00.

The plaintiffs pleaded that they operated a junk yard and automobile parts business; that they bought and sold wrecked and used automobiles, and that they had, for more than a year, maintained their business within the city limits. Plaintiffs also pleaded the existence of the defendant City as a third-class city and set forth the ordinance.

The plaintiffs then alleged, in very general terms, that the ordinance was invalid because it was void, unconstitutional and discriminatory, and pleaded that if it was enforced their expense in complying with the ordinance would be prohibitive. Plaintiffs also set forth that they had been arrested and that the officers of the defendant City were threatening multiple prosecutions against them, and pleaded that unless an injunction were issued they would suffer irreparable damage. As we have indicated, the temporary injunction issued.

The defendant City then filed an Answer, in substance admitting the capacity of the defendants as city officers, the existence of the ordinance, the corporate status of the City, and operation of the plaintiffs' business as alleged. The City denied the invalidity of the ordinance and denied its intention to institute multiple prosecutions.

The parties chose to waive the presentation of evidence and filed a stipulation of facts. The facts stipulated were: 1) That the City of Poplar Bluff is a third-class city; 2) the defendants are the Mayor, City Clerk and Chief of Police; 3) the ordinance in question was regularly enacted on February 3, 1958; 4) the plaintiffs, since the enactment of the ordinance, have operated their business without constructing the required screen fence; and 5) the plaintiffs have been arrested and the defendant officers intend to enforce the ordinance in the future. This brief stipulation contains all of the factual matter set forth in the record bearing on the merits of the case.

Upon this stipulation, the trial court found that the ordinance in question was valid, without any reference to any constitutional question, dissolved the temporary injunction, and refused a permanent injunction. After filing an unavailing Motion for New Trial, the plaintiffs appealed.

At the outset, we are confronted with a Motion to Dismiss the Appeal made by the respondent upon the ground that the appellants' "Points Relied On" do not comply with the requirements of Rule 83.05(e), V.

A.M.R. There is considerable merit in the motion. Apparently, it was the plaintiffs' intention to seek a construction of the ordinance, both in the trial court and here, and they suggest in their brief that we consider a number of involved and complex principles of law—including a number of constitutional questions which we have no jurisdiction to decide—as they apply to the ordinance in question. The difficulty is that the appellants have not presented their contentions precisely enough for us to know with any certainty what their position is. While the general propositions of law which they state in their "Points Relied On" are true as general statements, plaintiffs do not tell us in what way the trial court incorrectly applied the law to the facts in denying the permanent injunction. The plaintiffs' "Points Relied On" are, as the defendant maintains, mere abstract statements.

 The "Points Relied On," properly set forth, constitute a short and concise outline of that part of the brief called "an Argument," Ambrose v. M. F. A. Co-operative Ass'n, Mo., 266 S.W.2d 647, 650–651; Conser v. Atchison, T. & S. F. Ry. Co., Mo., 266 S.W.2d 587, 589, and actually all that is required or contemplated by Rule 83.05(e) is that the appellant state concisely what the trial court did that is claimed to be wrong and why it is contended the court was wrong. Ambrose v. M. F. A. Co-operative Ass'n, supra, 266 S.W.2d at 651. See Stone, Effective Appellate Briefs, 15 Journal Mo. Bar. 80, 85–86. In a case of this kind, where the facts have been stipulated, and the sole question in this court is one of law, Jewel Tea Co. v. City of Carthage, 257 Mo. 383, 388, 165 S.W. 743, 744, the appellants could have complied, as we conceive it, by making a reasonable effort to show, in their "Points Relied On," the respects in which the questioned ordinance violated the general principles of law which they have set forth; but the mere assertion of various abstract principles of law, without showing how they are related to the trial court's action, and without specifying wherein the ordinance violates those principles, is not a compliance with the rule. Magenheim v. Board of Education, Mo., 340 S.W.2d 619, 621; Jacobs v. Stone, Mo., 299 S.W.2d 438, 440; Repple v. East Texas Motor Freight Lines, Mo., 289 S.W.2d 109, 111; Ambrose v. M. F. A. Co-operative Ass'n, supra, 266 S.W.2d at 649; Beeler v. Board of Adjustment of Joplin, Mo.App., 298 S.W.2d 481, 483 [2]. We would again point out that the requirement of Rule 83.05(e) is not a mere technicality, nor a rigid prescription of some particular style or form of statement for the convenience of the court; it is essentially a rule intended to require reasonable fairness and candor in appellate practice. Where, as in this case, the "Points Relied On" state only the most general conclusions, without specifying any particular errors—are fired broadside, so to speak—not only is the respondent deprived of a fair opportunity to answer the appellant's contentions, but if we attempt to search the record and decide the case on its merits without being presented with any specific question, we are thus forced to a certain extent to become advocates for one party or another, which is in itself unfair. Morris v. Willis, Mo., 338 S.W.2d 777, 780; Ambrose v. M. F. A. Co-operative Ass'n, supra, 266 S.W.2d at 650; Stanton v. Phillips, Mo.App., 318 S.W.2d 516, 518 [2]. However, with some misgiving, we have decided to deny the Motion to Dismiss in this particular instance. The case was tried upon an agreed statement of fact and therefore the sole question here is whether the judgment is the proper legal conclusion upon the facts stipulated. Jewel Tea Co. v. City of Carthage, supra, 257 Mo. at 388, 165 S.W. at 744; Bartlett v. National Finance Corporation, 228 Mo.App. 789, 799, 73 S.W.2d 451, 457; Morrison v. De Donato, 76 Mo.App. 643, 649. Cf. City of Stanberry v. Jordan, 145 Mo. 371, 382, 46 S.W. 1093, 1096 [5]. More precisely, the only question before us is whether, on the facts presented, the trial court erred in refusing a permanent injunction. Since this is an equitable action which we must try anew upon the record, and it is apparent that there is but a single question for our

determination upon the merits, we will consider that question even though appellants' brief is seriously deficient. Carr v. Lincoln, Mo., 293 S.W.2d 396, 398; Milanko v. Austin, 362 Mo. 357, 362, 241 S.W.2d 881, 882, cert. den. 342 U.S. 906, 72 S.Ct. 298, 96 L.Ed. 678.

 Injunction is an apt remedy to restrain the enforcement of a penal ordinance which is invalid or violative of some constitutional provision if, in addition, the petitioner can show some recognized ground for equitable intervention. Moots v. City of Trenton, 358 Mo. 273, 214 S.W.2d 31, 32; Jewel Tea Co. v. City of Carthage, supra, 257 Mo. at 391, 165 S.W. at 745–46; Sylvester Coal Co. v. City of St. Louis, 130 Mo. 323, 328–330, 32 S.W. 649, 650–651; Brotherhood of Stationary Engineers v. City of St. Louis, Mo.App. 212 S.W.2d 454, 458 [1]; 28 Am.Jur., Injunctions, Section 190, pp. 694–696. Ordinarily it is said that equity will enjoin the enforcement of an invalid ordinance to protect the individual citizen from multiple prosecutions, or to prevent irreparable injury to his property rights where he has no adequate remedy at law. Sylvester Coal Co. v. City of St. Louis, supra, 130 Mo. at 329, 32 S.W. at 650–651; Brotherhood of Stationary Engineers v. City of St. Louis, supra, 212 S.W. 2d at 458; Anno., L.R.A.1916C, 263, 267–271. Our courts have also indicated, in this connection, that the enforcement of an invalid ordinance may be enjoined where the effect of enforcement would be to destroy the petitioner's property rights in the conduct of a lawful business. Wellston Kennel Club v. Castlen, 331 Mo. 798, 804–805, 55 S.W.2d 288, 290; State ex rel. Chase v. Hall, 297 Mo. 594, 604–606, 250 S.W. 64, 67 [6, 7]; Merchants' Exchange of St. Louis v. Knott, 212 Mo. 616, 646–647, 111 S.W. 565, 573.

 These general principles are subject to a number of qualifications, however. Even assuming that the ordinance is invalid —which we do not decide—the courts of this State have taken the attitude that the

expense incident to arrest and prosecution under an invalid ordinance is not a property right subject to being protected by injunction, Hann v. Fitzgerald, 342 Mo. 1166, 1169, 119 S.W.2d 808, 809; Dickinson Operating Co. v. City of Kansas City, Mo.App., 317 S.W.2d 638, 639–640, unless it is shown that attempted enforcement of the invalid ordinance will result in so many prosecutions that the petitioner's remedy at law is inadequate. Moots v. City of Trenton, supra, 214 S.W.2d at 32–33 [2]. What is more, where the injunction is sought to protect property rights against the enforcement of a void or invalid ordinance, the complainant must show that the acts or damage against which he seeks protection are not only threatened but will in all probability be committed. Lester Real Estate Co. v. City of St. Louis, 169 Mo. 227, 235, 69 S.W. 300, 302–303; Ewing v. Kansas City, Mo.App., 238 Mo.App. 266, 180 S.W.2d 234, 239–240; Commission Row Club v. Lambert, Mo.App., 161 S.W.2d 732, 736. In our view, these authorities, and a good many well-reasoned cases from other jurisdictions, show that where an injunction is sought to restrain the enforcement of a void penal ordinance upon the ground that multiple prosecutions are threatened, or upon the ground that an irreparable injury will be done to the individual's property rights in the conduct of a lawful business if enforcement is permitted, the complainant must not only plead, but make proof, that multiple prosecutions are in fact contemplated, or that attempted enforcement would result in virtual destruction of his business. See Beal v. Missouri Pacific R. Corp., 312 U.S. 45, 50–51, 61 S.Ct. 418, 85 L.Ed. 577, 580; City of Fargo v. Sathre, 76 N.D. 341, 36 N.W.2d 39, 42–43; Ferguson Coal Co. v. Thompson, 343 Ill. 20, 174 N.E. 896, 900 [10–12]; Spur Distributing Co. v. Mayor and Council of Americus, 190 Ga. 842, 11 S.E.2d 30, 31–33, 167 A.L.R. 911.

 In the case at hand, the plaintiffs alleged that multiple prosecutions were threatened and that their business would be "utterly and completely destroyed" and "ir-

reparable injury will be done." However, the stipulation of facts filed, which we accept as being true, merely states that the plaintiffs have failed to construct the required fence and have been arrested, and that it is the intention of the defendant City officials to enforce the ordinance in the future. It does not appear that the plaintiffs have been arrested more than once, nor does the City concede that it will prosecute the plaintiffs more than once. We are not advised what measure of expense would be involved in constructing a "screen" fence, either of wood or an authorized substitute material, nor does it appear that the defendant officers' attempted enforcement of the ordinance would result in any direct invasion of plaintiffs' property rights. These matters are simply left to speculation by the proof, or substitute for proof. There is no factual showing either that multiple prosecutions will be undertaken or that compliance with the ordinance would be ruinous to the plaintiffs; and in the circumstances of this case, we believe a permanent injunction was properly denied. The judgment is therefore affirmed.

RUARK, P. J., and STONE, J., concur.