**James W. JACKSON, Appellant,**

v.

**CITY OF KANSAS CITY, Missouri, et al., Respondents.**

**No. WD 30793.**

Missouri Court of Appeals, Western District.

July 8, 1980.

Byron Neal Fox, Kansas City, for appellant.

Aaron A. Wilson, City Atty., James C. Bowers, Jr., Barbara A. Schenkenberg, William D. Geary, Asst. City Attys., Kansas City, for respondents.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

James Jackson sought declaratory and injunctive relief against the City of Kansas City and certain of its officers because of the claimed unconstitutionality of Chapter 26, § 26.162 of the revised ordinances of Kansas City entitled "Living on the Earnings of Prostitution." The court denied relief and on this appeal Jackson contends the court erred in failing to grant injunctive relief.

In his petition Jackson alleged numerous reasons for the unconstitutionality of the ordinance and alleged in a terse conclusionary manner that he would suffer irreparable injury from prosecution for violating the ordinance.

In *State ex rel. Eagleton v. McQueen*, 378 S.W.2d 449, 453[6, 7] (Mo. banc 1964) the court discussed the general rule that a court of equity is without jurisdiction to interfere with the enforcement of the criminal law except where the law in question is unconstitutional and the attempted enforcement would constitute a direct invasion of property rights resulting in irreparable injury. The court stated:

The two elements of statutory invalidity and irreparable injury must both be present and clearly appear in order for the exception to be effective.

Here, the pleading was merely of a conclusionary nature. The only evidence consisted of a stipulation of facts by which the parties agreed the ordinance had been passed and a copy was set out. The parties further agreed Jackson had been prosecuted in municipal court in August, 1978, and found guilty, but thereafter the conviction was set aside and a new trial was granted. By October, 1978, when the stipulation was filed no further action had taken place. The City stated in the stipulation that it intended to prosecute Jackson and others for the violation of the ordinance.

In *Browning v. City of Poplar Bluff*, 370 S.W.2d 179, 183 (Mo.App.1963) the court discussed the rules concerning the power of a court of equity to enjoin the enforcement of an ordinance claimed to be invalid. In that case the stipulation of facts was remarkably similar to the one in this case. The City agreed there it intended to enforce the ordinance. Browning only showed that he had been arrested one time for violating the ordinance. The court held this was not a sufficient showing of irreparable damage to authorize the intervention of a court of equity in the enforcement of the ordinance.

The theory in requiring a showing of irreparable damage is to demonstrate the remedy at law to raise the validity issue on appeal is not adequate. When it is proven that attempted enforcement of an ordinance will result in so many prosecutions that the remedy at law is inadequate, then a basis for injunctive relief is shown. *Moots v. City of Trenton*, 214 S.W.2d 31, 32–3[2] (Mo.1948).

As in *Browning*, Jackson fails to show irreparable injury when he showed that he had been arrested only one time and the only facts in the matter merely showed that the City intended to enforce the ordinance.

The only question raised on this appeal concerns the refusal of the court to grant injunctive relief. On the failure of Jackson to show irreparable injury, such refusal was proper.

The judgment is affirmed.

All concur.