CITY OF JOPLIN, Respondent, v. WILLIAM LECKIE, Appellant.

Kansas City Court of Appeals, January 2, 1899.

1. **Municipal Corporations**: CITIES OF THE THIRD CLASS: OCCUPA-
TION TAX: MANUFACTURING. Cities of the third class are not author-
ized to levy a tax on natural persons engaged in the manufacturing
business.

2. ———: CONSTRUCTION OF CHARTER: POWERS: REASONABLE DOUBT.
Municipal corporations can exercise only the following powers:
Those granted in express words; those necessarily or fairly implied;
those essential to the declared objects and purposes of the corpora-
tion. And if there is a reasonable doubt concerning the existence of
a power it is resolved against the corporation.

3. ———: CORPORATION TAX: MERCHANT: EVIDENCE. As the evidence
fails to show defendant was buying and selling miners' supplies for
profit, the question of his being a merchant does not arise on the
record.

*Appeal from the Jasper Circuit Court.*—HON. J. D.
PERKINS, Judge.

REVERSED.

CUNNINGHAM & DOLAN for appellant.

(1) The charter of the city of Joplin, to wit: the general
law governing cities of the third class, Acts 1893, page 65,
does not authorize the taxing of natural persons engaged in
the trade or occupation of operating a foundry. The lan-
guage of section 107 of said act only confers authority to
impose an occupation tax on "manufacturing and other cor-
porations and institutions." (2) The defendant not being
a corporation, but simply a natural person, does not come

City of Joplin v. Leckie.

within this law.   Hicks v. Jamison, 10 Mo. App. 35; Cooley on Taxation, pp. 199, 200, 201, 202; Sutherland on Stat. Constr., sec. 362; State v. Hays, 78 Mo. 604; Dillon, Mun. Corp. [4 Ed.], sec. 317; Dillon, Mun. Corp., note 2, p. 394; Boyd v. Hood, 57 Pa. St. 98-101; Mays v. Cincinnati, 1 Ohio St. 268.   (3)   Says Pollock, J., in Gurr v. Scudds, 11 Exch. 190-192:   "If there is any doubt as to the meaning of the stamp act it should be construed in favor of the subject, for a tax can not be imposed without clear and express words for that purpose."   To the same effect is: Sewel v. Jones, 9 Pick. 212-214; Mosely v. Lift, 4 Fla. 402, 403; Barnes v. Doe, 4 Ind. 132, 133; Powers v. Barney, 5 Blatch. 202, 203; U. S. v. Wigglesworth, 2 Story, 369-373.   (4)   The evidence did not show, neither did the complaint charge, that the defendant was a dealer in miners' supplies, the language of the complaint being "selling miners' supplies."   Anderson's Law Dictionary; Memphis v. O'Connor, 53 Mo. 468; Huntington v. Pierce, 56 Ind. 305; Horr & Bemis Mun. Ordinances, secs. 173, 270; Commonwealth v. Bean, 14 Gray, 52.

JOEL T. LIVINGSTON and BASOM & BUCKLEY for respondent.

(1)   The charge of selling miners' supplies is a charge of being a dealer.   Kansas City v. Neal, 49 Mo. App. 72; In re Miller, 44 Mo. App. 125; St. Louis v. Weitzel, 130 Mo. 600; Warnick v. Baker, 42 Mo. App. 439; Mendenhall v. Leivy, 45 Mo. App. 20; Bricker v. Stone, 47 Mo. App. 530. Under the code pleadings should be liberally construed. Loehr v. Murphy, 45 Mo. App. 519; Foster v. Railroad, 115 Mo. 165; State v. Effinger, 44 Mo. App. 81; State v. Matheis, 44 Mo. App. 294; State v. Clawson, 30 Mo. App. 139; State v. DeLay, 30 Mo. App. 357; State v. Barr, 30 Mo. App. 498.   In pleading a city ordinance it is only necessary to give its purport.   Heman v.

Payne, 27 Mo. App. 481; Eyerman v. Payne, 28 Mo. App. 72. (2) Individuals as well as corporations are included in a charter authorizing licensing manufactories. Any such construction as claimed by appellant is contrary to our statute on the construction of laws. R. S. 1889, art. 2, p. 1541. As the purpose of interpretation is to arrive at the intent of the law giver. Fosburgh v. Rogers, 114 Mo. 122; St. Joseph v. Landis, 54 Mo. App. 315; St. Louis v. Lane, 110 Mo. 254; Cole v. Railroad, 47 Mo. App. 624; State ex rel. v. Finn, 8 Mo. App. 341; Kane v. Railway, 112 Mo. 34; Cole v. Skrainka, 105 Mo. 303; Bingham v. Birmingham, 103 Mo. 345; Deardorff v. Roy, 50 Mo. App. 70. (3) If appellant is sufficiently charged with being either a merchant or manufacturer and is proven guilty of either, he can be convicted. Hoor & Bemis on Municipal Police Ordinances, sec. 173, pp. 148, 149; Commonwealth v. Curtis, 9 Allen 266; Stephens v. Commonwealth, 6 Met. 242; St. Louis v. Weitzel, 130 Mo. 613.

SMITH, P. J.—The defendant was prosecuted and convicted on an information which charged him with violating section 1 of ordinance number 902 of plaintiff city by "then and there unlawfully and willfully carrying on and engaging in the occupation, business and trade of operating a foundry and selling miners' supplies at a certain stand and place occupied by him for that purpose," etc. The ordinance charged in the information to have been violated provided that, "an occupation tax should be collected on foundries and machine shops of forty dollars per annum, and on dealers in miners' supplies of thirty-two dollars per annum." It further provided a penalty for engaging in any business, trade or occupation without first having paid such occupation tax. The defendant assails the judgment on the ground that the charter of the plaintiff city did not

confer upon it the power to pass the ordinance on which the information was based.

By reference to section 10 of the act of April 19, 1893 —Session Acts 1893, page 90—it will be seen that cities of the third class, to which class the plaintiff city belongs, have power to levy and collect a license tax on several kinds of business trades and avocations therein specified. "Manufacturing and other corporations or institutions" are included in such specifications. Whether or not the act of the council of the plaintiff city in passing the ordinance in question was in excess of its power of course depends upon the construction that is to be given to the words of the charter first quoted. It is apparent from the reading of this collocation of words that the word "corporation" is implied after that of "manufacturing" so that we are authorized to interpolate that word into such collocation so that it should be read that the city shall have power to levy an occupation tax on "manufacturing corporations and other corporations or institutions."

MUNICIPAL corporation: cities of the third class: occupation tax: manufacturing.

When these words are considered in their relation to each other, their meaning becomes involved in so much doubt and uncertainty that it becomes quite difficult to determine just exactly what power the legislature intended thereby to confer.

It is a well recognized rule of the law that the meaning of a word is or may be known by the accompanying words. There is also a further kindred rule that where several particulars are named, followed by a more generic term, it is considered, that the more generic term intends only other things *ejusdem generis,* or of the like kind. St. Louis v. Laughlin, 49 Mo. 559; Commonwealth v. Dejardin, 126 Mass. 46; Harlow v. Tufts, 4 Cush. 448. The words "manufacturing corporations" are general and not specific. No

particular kind of manufacturing corporation is thereby specified. They are broad and comprehensive enough in their signification to include manufacturing corporations of every kind whatsoever. Their sense and meaning is unrestrained and unaffected by the succeeding words "other corporations or institutions" or "other manufacturing corporations or institutions." If several kinds of manufacturing corporations had been specified in that part of the section of the charter which precedes the words "other corporations or institutions," then the principle of the rule of *ejusdem generis* would be applicable, but since there are no such antecedent specifications the application of the rule just referred to can not be invoked. Nor is the other rule of *noscitur a sociis* helpful to us in determining the meaning of the words of the grant. It seems to us that, after all, the words "other corporations or institutions" do not embrace or comprehend in their signification any class of corporations that do not fall within the previous designation of " manufacturing corporations. " The term "institution" must be construed as if it read "manufacturing institution." It is interconvertible with that of "manufacturing corporation," and has no meaning or signification different from that of the latter term.

It seems clear to us that the words of the grant do not authorize a city of the third class to levy a tax on *natural persons* engaged in the manufacturing business. They only authorize the imposition of such tax on corporate entities engaged in manufacturing. No good reason is seen for this discrimination, yet we are justified by the expression of the legislature in concluding that it was so intended.

It is a general and undisputed proposition of law, say the authorities, that a municipal corporation possesses and can exercise the following powers and *none others:* First, those granted in express words; second, those necessary or

City of Joplin v. Leckie.

fairly implied in or incident to the power ex-
pressly granted, and, third, those essential to
the declared objects and purposes of the cor-
poration, not simply convenient and indispen-
sable.    And the authorities are to the further
effect that where there is any fair and reasonable doubt con-
cerning the existence of the power it is resolved by the
courts against the corporation.    Knapp v. Kansas City, 48
Mo. App. 485, and the numerous authorities there cited.
We, therefore, conclude from the foregoing considerations
that the act of the plaintiff city in passing the ordinance
levying an occupation tax on natural persons engaged in
the manufacturing business was without the power con-
ferred by its charter, and that, therefore, the conviction of
the defendant for the violation of such ordinance can not be
upheld.

*—: construction of charter: powers: reasonable doubt.*

By recurring to the information it will be seen that the
defendant was also charged with *selling miners' supplies.*
The defendant could sell the products of his foundry without
violating any ordinance of the city.    There is no
evidence that he dealt as a merchant.    He did
not buy and sell for a profit or if he did there is
no evidence of the fact presented by the ab-
stract of the record.    It becomes therefore un-
necessary to determine whether one who *sells miners' sup-
plies* is a merchant since, as has been stated, there is no
evidence that the defendant did sell such supplies, or
if so that the same were other than those produced at his
foundry.

*—: corporation tax: merchant: evidence.*

The judgment must be reversed.    All concur.