## CITY OF FULTON, Respondent, v. ROBERT CRAIGHEAD, Appellant.

### Kansas City Court of Appeals, May 27, 1912.

1. **MUNICIPAL CORPORATIONS: Plumbers: License: Right to Tax: Ordinance.** A city charter did not name plumbing as a business or vocation which might be taxed, and it was held that an ordinance requiring plumbers to pay a license of $25 for the revenue fund, was invalid.

2. ———: ———: ———: ———: ,———: **Business: Shop.** An ordinance which requires a license tax for plumbers in doing any work connected with sewers and house connections therewith, is essentially a tax on his business if conducted outside of his shop.

Appeal from Callaway Circuit Court.—*Hon. D. H. Harris,* Judge.

REVERSED.

*E. L. McCall* for appellant.

*N. T. Crane* for respondent.

ELLISON, J.—Defendant was convicted of violating a certain ordinance of the city of Fulton, a city of the third class, in doing certain work without being licensed as a plumber. That ordinance provided that "No person, firm or corporation shall lay, alter or repair any house drain, sewer, or plumbing work, or

make any connections whatever with any sewer, . . . or do any kind of work connected with laying house drains, or sewers, or plumbing . . . etc., unless regularly licensed by the city council." Section 4 of the ordinance requires any one "desiring to do business as a plumber, in connection with the sanitary sewer system," shall file application for license, etc., and that he shall give a certain bond, etc. It then provides for a "license fee of twenty-five dollars to go to the general revenue fund." Section 5 provides, in addition, for a permit to connect with any sewer; and section 8 provides for a permit fee of two dollars and fifty cents.

The ordinance requires a license of twenty-five dollars, to go into the general revenue fund of the city, for the privilege of carrying on the general business of plumbing. The statute (Sec. 9580, R. S. 1909) provides that no municipal corporation shall have the power to impose a license tax on any business, calling, vocation or pursuit, unless "it is specially named as taxable in the charter," or unless "such power be conferred by statute."

The statute (section 9253) enumerating the kinds of business, or the callings, vocations or pursuits, which may be taxed, does not name plumbing as one of them. Nor is there anything in any other statute from which the power is either fairly or necessarily implied. [City of Independence v. Cleveland, 167 Mo. 384.] Therefore the city of Fulton must look to the Legislature, instead of the courts, for the requisite power.

It is said that this ordinance only contemplates a fee to be paid by a plumber for the privilege of connecting with sewers. It does not read so narrowly as that. It provides for the business of house plumbing and drains. In fact, it embraces about all of a plumber's business, except that which he might carry on inside his shop as a merchant or manufacturer. Besides, as shown above, a connecting fee of two dol-

lars and fifty cents is provided for in another part of the ordinance.

As the defendant should not have been convicted, the judgment will be reversed. All concur.