CITY OF OZARK v. EVERETT HAMMOND, Appellant.—49 S. W. (2d) 129.

Division One, April 2, 1932.

*Allen & Allen* for appellants.

1120

*G. Purd Hays* for respondent.

RAGLAND, J.—Appellant was convicted in the Police Court of the City of Ozark of violating a certain ordinance of said city. On appeal and trial *de novo* in the Circuit Court of Christian County he was again convicted and adjudged to pay a fine of $5 and costs of suit. From such judgment he was granted an appeal to the Springfield Court of Appeals. In that court the judgment of the circuit court was affirmed, but on the dissent of one of the judges the appeal was certified here.

The ordinance provisions which appellant was charged with violating were as follows:

"Sec. 1. That all persons, firms, corporations who shall, in the City of 'Ozark, Missouri, sell from Wagon, Automobile trucks, Automobiles or any kind of conveyance to sell, vend and peddle or take orders then afterwards deliver the goods from a conveyance to fill said orders to any person, business man or merchants, any bread, crackers, sugar, coffee, tea, any can goods and any and all kinds of merchandise shall first take out and obtain a license from the City Clerk of Ozark, Missouri, and shall pay a license of $36 per annum; $18 for the first six months; $10 for three months and the sum of $1.50 per day."

The cause was heard on the following agreed statement of facts:

"It is further agreed that before and after the passage and approval of the ordinance in question and above set out, the defendant, Everett Hammond, was acting as the agent for and employed by the Nafziger Baking Company, a corporation; that the Nafziger Baking Company has its principal place of business in Springfield, Missouri, at 712 Boonville Avenue, in said city; that the Nafziger Baking Company operates a wholesale bakery in Springfield, Missouri, manufacturing and selling its products, such as bread, cakes, pies, pastries, and other bakery products at wholesale, to merchants for resale in Springfield, Ozark, and other towns in Southwest Missouri, and that said products are sold to said merchants to be resold by them to consumers. That the Nafziger Baking company has regular customers among the merchants in Ozark, Missouri, to whom its bread, cakes, pies, pastries and other bakery products are delivered by

means of an automobile truck; and that the said Everett Hammond is an employee of the Nafziger Baking Company and drives a truck to the City of Ozark, Missouri, for the purpose of transacting the business of the Nafziger Baking Company. That the Nafziger Baking Company has paid to the State of Missouri the automobile license tax covering said truck, in the sum of $16.50, as required by the Statutes of the State of Missouri, and has paid to the City of Springfield, Missouri, a license covering said truck; and has paid to the State of Missouri and to the City of Springfield, Missouri, a manufacturers' and wholesaler's tax, as required by the Statutes of the State of Missouri and the Ordinances of the City of Springfield, Missouri, which said tax covers its operations as a manufacturer and wholesaler of bakery products. That defendant drives the truck and acts as the agent or representative of the Nafziger Baking Company in selling and delivering its products to merchants who are regular customers of the Nafziger Baking Company at Ozark, Missouri. That there is an understanding between said merchants, the defendant, and the Nafziger Baking Company, that there shall be delivered to said merchants, each day, such bread, cakes, pies, pastries, and other bakery products, as they need for their daily sales; and that such stale bread, cakes, pies, pastries, and other bakery products that each merchant has left is taken back by the defendant and Nafziger Baking Company and the merchant given credit for the bread, cake, pies, pastries, etc., so taken back as stale. That defendant loads the said truck from the plant of the Nafziger Baking Company in the City of Springfield, Missouri, with bread, pies, cakes, pastries, and other bakery products and drives to Ozark, Missouri, to ascertain the amount of such products each merchant desires to have delivered at that time, and delivers same to said merchants out of the truck. That the accounts therefor, are either charged to the merchant by the Nafziger Baking Company and bills covering same sent out later or are collected for in cash by the defendant at the time of delivery, or collected at a later date by the defendant, or remitted direct to the Nafziger Baking Company in Springfield, Missouri, by the merchant. That the defendant and the Nafziger Baking Company makes no sales, either at retail or to consumers, in the City of Ozark, Missouri, and do not go from house to house in said City selling bread, cakes, pies, pastries and other bakery products at retail, but confine their business solely to wholesale distribution of the above named products to merchants for resale. That the defendant has so acted for the Nafziger Baking Company since the passage of the ordinance and before, and did so act on the day he is alleged to have violated said ordinance, according to the complaint filed.''

Appellant challenges the validity of the ordinance he was convicted of having violated. He raises no question as to its constitu-

tionality; he asserts merely that the power to enact the ordinance, as construed by the circuit court, does not lie within the scope of the powers delegated to cities of the fourth class.

The ordinance in question is not in any sense a police regulation; it is purely a revenue measure, imposing, or attempting to impose, an occupation tax upon the persons, firms and corporations falling within its provisions. Section 7287, Revised Statutes 1929, provides:

"No municipal corporation in this State shall have the power to impose a license tax upon any business avocation, pursuit or calling, unless such business avocation, pursuit or calling is specially named as taxable in the charter of such municipal corporation, or unless such power be conferred by statute."

This section is applicable to all cities in the State regardless of whether their charter powers are derived from special charters or from general statutes. |Pierce City v. Hentschel, 210 S. W. 31; Ex parte Siemens v. Shreeve, 317 Mo. 736, 296 S. W. 415; Keane v. Strodtman, 323 Mo. 161, 18 S. W. (2d) 896.] As heretofore construed, it operates to limit the powers of municipal corporations to impose occupation taxes; no such corporation can impose a license tax upon any business avocation, pursuit or calling, unless such business avocation, pursuit or calling is specially named as taxable in its charter, or in the statute which confers upon it its charter powers. [See cases last cited.]

The City of Ozark has no special charter, but operates under the general statute governing cities of the fourth class. The power granted to it to tax occupations is found in Section 7046, Revised Statutes 1929. What appellant did in the city of Ozark he did in the capacity of an employee of the Nafziger Baking Company; it was its business which he was, in part, carrying on. That business, as described and set forth in the agreed statement of facts, is nowhere specially named in said Section 7046. It is true that the long enumeration therein of the specific occupations which it authorizes cities of the fourth class to tax is followed by the words, "and all other business, trade and avocations whatever," but those words cannot be construed to include the business avocation of the Baking Company: the rule *ejusdem generis* cannot be invoked in the face of said Section 7287. [See cases last referred to.]

Said Section 7046 in its enumeration of persons upon whom an occupation tax may be imposed by cities of the fourth class includes "merchants of all kinds." But the Baking Company is a manufacturer and not a merchant. [State v. Lanasa, 151 La. 706.] A merchant is one who is engaged in the purchase and sale of goods; a trafficer; a trader. [Viquesney v. Kansas City, 305 Mo. 488, 266 S. W. 700.] A manufacturer is one engaged in making materials, raw or partly finished, into wares suitable for use. [38 C. J. 968.]

"The marked distinction between a manufacturer and a merchant is that the merchant, or dealer, sells to earn a profit, and the manufacturer sells to take the profit already earned. He must buy the materials out of which to make his finished product, and he must sell the product of his factory after it is finished. But such dealings are not his occupation. The one supplies him with the materials with which to pursue it, while the other merely enables him to make the profit earned." [Chattanooga Plow Co. v. Hays, 140 S. W. (Tenn.) 1068, 1069-70.]

The section also includes the business of "manufacturing and other corporations or institutions." But of course the statute does not attempt to confer upon cities of the fourth class authority to impose a tax on corporations whose manufacturing operations are conducted wholly beyond their territorial limits.

The language of the ordinance in question is very broad; in so far as it includes a business such as the Baking Company was doing within its territorial limits it is void. The judgment of the circuit court is reversed. All concur.