J. M. Lee, as Comptroller, v. J. H. Wood, doing business under the trade name of Protane Service Company.

170 So. 433.
Division B.
Opinion Filed November 2, 1936.

*Cary D. Landis,* Attorney General, and *H. E. Carter* and *J. V. Keen,* Assistant Attorneys General, for Appellant;

*Richard P. Daniel* and *Daniel & Thompson,* for Appellee.

PER CURIAM.—The sole question involved in this case is whether or not the appellee can be required to pay the tax established by Chapter No. 15658, Acts of 1931, Section 1 of which provides as follows:

"Section 1. That all corporations, firms and individuals, including municipalities, receiving payment for electricity for light, heat or power and for natural or manufactured gas for light, heat or power and for use of telephones and for the sending of telegrams and telegraph messages or all such corporations, firms and individuals engaged in any such businesses on or before the first day of January, A. D. 1932, and annually thereafter, report to the Comptroller of the State of Florida on or before fifteenth day of March under oath of the Secretary or other officer of such company, corporation, firm or individual the total amount of gross receipts derived from business done in this State for the preceding calendar year, provided, however, that the first report made March 15th, 1932, shall be for the period from July 1st, 1931, to December 31st, 1931, and at the same time shall pay into the Treasury of the State the sum of One ($1.50) Dollar and Fifty Cents upon each One Hundred ($100.00) Dollars of such gross receipts and if any such company shall fail to make such report to the Comptroller and pay the tax as herein provided for, the Comptroller shall after having given at least five days' notice to an official or representative of such company, corporation, firm or individual located in this State, estimate the amount of such gross receipts from such information as he may be able to obtain and shall add ten per centum. of the amount of such taxes as a penalty of the failure of such company to make

report and shall proceed to collect such tax together with all cost and penalty thereon, the same as other delinquent taxes are collected; provided, that no penalty shall be added if a return is made and the amount due is paid to the State Treasurer before the expiration of the time stated in the notice required to be given by this Section." When the record shows that the appellee is engaged in the business of selling a substance known as protane in metal containers which substance is a liquid when sold but is transformed into gas when released and when so released is used as a fuel for cooking, heating and other like purposes.

The appellee filed bill of complaint seeking injunction against the Comptroller enforcing the provisions of the statute above referred to against him because of his conduct of the business of selling protane. The case went to final hearing before the learned Chancellor and he entered a final decree in the following language, to-wit:

"This cause came on for final hearing upon the pleadings and testimony submitted by the parties, and the Court being fully advised in the premises:

"IT IS ORDERED, ADJUDGED AND DECREED that the equities are with the plaintiff and that he is entitled to the relief prayed in his Bill, and J. M. Lee as Comptroller of the State of Florida, his deputies, agents and servants, be and they are perpetually enjoined and restrained from collecting or attempting to collect any tax from plaintiff J. H. Wood, doing business under the trade name of Protane Service Company, upon his receipts derived from the sale of the product known as 'protane,' under Chapter 15,558, Laws of Florida, Acts of 1931."

It is evident that the Chancellor found from the record that the product "protane" is a liquid and not a gas when

sold by the dealer to the customer and that, therefore, he applied the well established rule that statutes when enacted for the purpose of laying a tax must be given that construction which is most favorable to the taxpayer and since this statute lays the tax on the business of selling gas and not upon the business of selling that which may be easily converted into gas, he held that the statute does not apply to protane.

There is ample substantial evidence in the record to support this finding and conclusion. Therefore, the same should be and is now affirmed.

So ordered.

ELLIS, P. J., and TERRELL, and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.