WARD BAKING COMPANY, a Corporation, Appellant, v. THE CITY OF STE. GENEVIEVE, a Municipal Corporation, JOHN HERTER, City Collector and Chief of Police.—119 S. W. (2d) 292.

Division Two, August 17, 1938.

*Dunbar & Dubail* and *Bryan Wilson* for appellant.

*Peter H. Huck* for respondents.

BOHLING, C.—The Ward Baking Company, a Missouri corporation, seeks to enjoin the enforcement of an ordinance of the city of Ste. Genevieve, a city of the fourth class, imposing occupation taxes; and prosecutes this appeal from an adverse decree, presenting, among others, constitutional issues.

The Ward Baking Company is engaged in the manufacture of

bakery products in the city of St. Louis, Missouri, and the selling and delivery of said products solely to retail dealers, including retailers located in and about said city of Ste. Genevieve. Said manufacturer delivers its products to an employee in Ste. Genevieve, keeps and maintains a delivery truck in said city, and said employee, operating said truck, effects the delivery and sale of said products to said retailers in and about Ste. Genevieve.

An ordinance of said City imposed an annual license on bakeries within its limits of from $10 to $25, graduated according to capacity in loaves of bread; and on February 13, 1933, said City enacted the ordinance (No. 1121) here involved, the material provisions thereof, insofar as necessary to an understanding of the issues, reading:

"Section 1. There is hereby levied and fixed a license tax or fee of twenty-five dollars upon every person, firm, company or corporation engaged in or conducting the business of selling, delivering or selling and delivering bread of any kind, or any other bakery products, at wholesale or retail, to any person, firm, company or corporation in the City of Ste. Genevieve, Missouri."

"Section 3. There is hereby levied and fixed a license tax or fee of ten dollars upon every person, firm, company or corporation, for each automobile, truck or other vehicle used or operated on or upon the streets of the City of Ste. Genevieve, Missouri, for the purpose of trade, traffic, commerce or delivery of goods, wares or merchandise of any kind, on and upon the streets of the City of Ste. Genevieve, Missouri, on which no other license tax or fee is levied under and by virtue of any other ordinance now in force in the City of Ste. Genevieve, Missouri.

"Section 4. That sections Nos. 1, 2 and 3 of this ordinance shall not apply to 'hucksters' and 'peddlers' as defined and licensed in other ordinances now in force in the City of Ste. Genevieve, Missouri, nor shall sections Nos. 1, 2 and 3 of this ordinance apply to any person, firm, company or corporation, selling at or delivering from his or its regular established place of business in the City of Ste. Genevieve, Missouri, bread of any kind or any other bakery products, or goods, wares or merchandise of any kind or any and all kinds of beverages and soft drinks."

The presentation of the case by the litigants has rendered unnecessary a discussion of certain possible issues. Section 7046, Revised Statutes 1929 (Mo. Stat. Ann., p. 5762), provides that cities of the fourth class "shall have power and authority . . . to levy and collect a license tax on . . . agents, . . . manufacturing and other corporations and institutions, . . . and all other business, trades and avocations whatsoever. . . ." However, Section 7287, Revised Statutes 1929 (Mo. Stat. Ann., p. 5871), provides: "No municipal corporation in this state shall have the power to impose a license tax upon any business avocation, pursuit or calling,

unless such business avocation, pursuit or calling is specially named as taxable in the charter of such municipal corporation, or unless such power be conferred by statute.''

1. The city of Ste. Genevieve seeks to justify the exaction against the Ward Baking Company under Sec. 1 of the ordinance on the theory ''agents'' (see Sec. 7046) are ''specially named'' (see Sec. 7287) as subject to a license tax. Specific denial is made of any contention to justify the tax against plaintiff as a manufacturer or of reliance upon the words ''and all other business, trades and avocations whatsoever'' in said Section 7046. (Consult cases cited infra.)

From what is said in City of Ozark v. Hammond, 329 Mo. 1118, 1122, 49 S. W. (2d) 129, 131(3), the business avocation, pursuit or calling of the Ward Baking Company under the stipulated facts is the manufacture of bakery products and not the selling and delivery of bakery products. It purchases materials out of which it manufactures bakery products and sells and delivers said products to take the profit earned by the manufacture thereof. We quote (omitting citations) from the Hammond case: ''But the baking company is a manufacturer and not a merchant. . . . A merchant is one who is engaged in the purchase and sale of goods; a trafficker; a trader. . . . A manufacturer is one engaged in making materials, raw or partly finished, into wares suitable for use. . . . 'The marked distinction between a manufacturer and a merchant is that the merchant, or dealer, sells to earn a profit, and the manufacturer sells to take a profit already earned. He must buy the material out of which to make his finished products, and he must sell the product of his factory after it is finished. But such dealings are not his occupation. The one supplies him with the materials with which to pursue it, while the other merely enables him to take the profit earned.' '' [See, also, City of Lebanon v. Joslyn (Mo.), 58 S. W. (2d) 289; Cripe Baking Co. v. City of Bethany, 64 Fed. (2d) 755.] And, quoting further from the Hammond case: ''. . . of course, the statute does not attempt to confer upon cities of the fourth class authority to impose a tax on corporations whose manufacturing operations are conducted wholly beyond their territorial limits.''

In a case involving a license tax upon ''agents of steam laundries,'' by a city not authorized to exact a license tax of steam laundries, we said: ''Defendant as agent was simply the representative of the principal, and if no authority existed upon the part of the city to require a license or occupation tax of his principal before engaging in the laundry business in the city, it must logically follow that none could be required of the agent.'' [City of Independence v. Cleveland, 167 Mo. 384, 389, 67 S. W. 216, 218.]

The contention of the city is not sustainable because the ''license tax'' is ''levied and fixed,'' under the express words of said Section 1 (not upon ''agents''—a ''business occupation, pursuit or calling''

not mentioned in the ordinance—but), "upon every person . . . or corporation engaged in or conducting the business of selling, delivering or selling and delivering . . . bakery products . . . to any person . . . or corporation in" said city.

2. The City, not questioning the company's position that the license tax of $10 alleged to be levied upon the company's truck under Section 3 of the ordinance is greater than one-half of the State registration fee (see Sec. 7780, subd. (c), R. S. 1929, Mo. Stat. Ann., p. 5228), states the general provisions of said subd. (c) do not apply and that said license tax is levied under the last *proviso* of said subdivision, authorizing municipalities to impose "occupation taxes on the business of transporting passengers, freight and merchandise for hire carried on within their limits. . . ." Under the stipulated facts, and from what we have said, the Ward Baking Company is not engaged in the occupation of "transporting passengers, freight and merchandise for hire." The point is ruled against the city.

Other issues presented by appellant are not essential to a determination of the instant review.

The decree is reversed with directions to enter a decree according the plaintiff a permanent injunction to the enforcement of the ordinance. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by Bohling, C., is adopted as the opinion of the court. All the judges concur.