Per Curiam.

Appellant lists eight assignments of error, which may be summed up in the contention that the decision of the Board of Tax Appeals is unreasonable and unlawful in that it failed and refused “to determine and find that the appellant is a manufacturer under the tax laws of the state of Ohio.”
The remaining contentions of error are resolved if appellant is a manufacturer as claimed.
Section 5711.16, Revised Code, defines a manufacturer as “a person who purchases, receives, or holds personal property for the purpose of adding to its value by manufacturing, refining, rectifying, or combining different materials with a view of making a gain or profit by so doing. ’ ’
This language has been in our laws in substantially the same wording for over a hundred years. (See Section 2742, Revised Statutes, and 61 Ohio Laws, 90, passed in 1864.) During all these years restaurant operators have never been treated or recognized as manufacturers for the purpose of personal property taxes.
Section 5711.22, Revised Code, provides, in part, as follows:
“Except as otherwise provided, personal property shall be listed and assessed at 70 per cent of its true value in money on the day that it is required to be listed or on the days or at the times that it is required to be estimated on the average basis. # * *
“Personal property, used in business, shall be listed and assessed at 50 per cent of its true value in money on the day that it is required to be listed or on the days or at the time that it is required to be estimated on the average basis as follows:
“(A) All engines, machinery, tools, and implements of a manufacturer mentioned in Section 5711.16 of the Revised Code * * *•
*101 “(1) The average value of all articles purchased, received or otherwise held by a manufacturer for the purpose of being used in manufacturing, combining, rectifying, or refining;
“(2) The average value of all articles which were at any time manufactured or changed in any way by the taxpayer, either by combining or rectifying, or refining or adding thereto, but not including finished products unless kept or stored at the place of manufacture or at a warehouse in the same county therewith***.”
The appellant relies on the decisions of this court in the cases of Miller v. Peck, Tax Commr., 158 Ohio St., 17, 106 N. E. (2d), 776; Jer-Zee, Inc., v. Bowers, Tax Commr., 163 Ohio St., 31, 125 N. E. (2d), 195; and Canteen Co. v. Bowers, Tax Commr., 167 Ohio St., 337, 148 N. E. (2d), 684, to support his contention that “processing of food for consumption may involve a manufacturing process so that the owner of the equipment is entitled to list such equipment at fifty per cent (50 per cent) of its value for personal property taxation purposes.”
In a number of other cases decided by this court in which the word, “manufacturer,” and also varying processes claimed to constitute manufacturing for personal property tax purposes have been considered, a rule of strict construction has been followed.
Paragraph three of the syllabus in the case of Cleveland-Cliffs Iron Co. v. Glander, Tax Commr., 145 Ohio St., 423, 62 N. E. (2d), 94, states:
“The provision of any statute which purports to except certain property from general provisions governing taxation is a measure of exemption, and laws relating to exemption of property from taxation being in derogation of equal rights are strictly construed.”
Paragraph three of the syllabus in the case of B. F. Goodrich Co. v. Peck, Tax Commr., 161 Ohio St., 202, 118 N. E. (2d), 525 (distinguishing Cleveland-Cliffs Iron Co. v. Glander, Tax Commr., supra, and National Tube Co. v. Glander, Tax Commr., 157 Ohio St., 407, 105 N. E. [2d], 648), states:
“It is a general rule that, if there is any ambiguity in a statute defining the subjects of taxation, such ambiguity must *102 be resolved in favor of the taxpayer; and this rule of construction generally applies with respect to provisions of a statute stating that certain potential objects of taxation shall not be considered to be included within specified subjects of taxation.”
See, also, Schumacher Stone Co. v. Tax Commission, 134 Ohio St., 529, 18 N. E. (2d), 405, 120 A. L. R., 1199; Middletown Iron & Steel Co. v. Evatt, Tax Commr., 139 Ohio St., 113, 38 N. E. (2d), 585, 138 A. L. R., 426; Eastern Machinery Co. v. Peck, Tax Commr., 160 Ohio St., 144, 114 N. E. (Yd), 55; Red Top Brewing Co. v. Bowers, Tax Commr., 163 Ohio St., 18, 125 N. E. (2d), 188.
In 37 Ohio Jurisprudence, 717, Section 398, it is stated that “the rule of strict or liberal construction, like any other rule of construction, is only applicable where there is an ambiguous provision to construe; it has no application where there is no ambiguity in the statute.” See, also, 37 Ohio Jurisprudence, 719.
In 50 American Jurisprudence, 204, Section 225, it is stated that ‘ ‘ a statute is not open to construction as a matter of course. It is open to construction only where the language used in the statute requires interpretation, that is, where the statute is ambiguous, or will bear two or more constructions, or is of such doubtful or obscure meaning, that reasonable minds might be uncertain or disagree as to its meaning.”
For the purpose of considering the instant case, the rules of construction stated in the quoted paragraphs of the syllabi in the Cleveland-Cliffs and Goodrich cases, supra, are not in conflict, and it may be added that in neither of those cases was there any ambiguity in the language of the statutes involved nor is there in the instant case. Hence, it is not necessary to construe the statute in the instant case but rather to examine the facts developed in the record.
Paragraph two of the syllabus in the case of National Tube Co. v. Glander, Tax Commr., supra, states:
‘ ‘ Statutes relating to exemption or exception from taxation are to be strictly construed, and one claiming such exemption or exception must affirmatively establish his right thereto.” (Emphasis added.)
Under the facts developed in the Miller, Jer-Zee and Canteen cases, supra, those claiming classification as manufacturers *103 were held in effect to have affirmatively established their right thereto.
If the appellant here were to be found to be a manufacturer within the meaning of Section 5711.16, Revised Code, then certainly the provisions of Section 5711.22, Revised Code, would authorize the listing of certain of his equipment on a 50 per cent basis rather than a 70 per cent basis.
In arriving at a decision in this case it is not necessary to refer to or review the Miller ease, supra. In the Jer-Zee-case, the per curiam opinion states:
“Appellant is operating its business under a ‘license to operate commercial frozen dessert plant,’ issued by the Ohio Department of Agriculture, Division of Foods and Dairies, under authority of Section 12730-lu, General Code (Section 3717.52, Revised Code), by which it is ‘authorized to operate said plant for the purpose of manufacturing and packing frozen desserts.’ ”
While the Jer-Zee case unquestionably was on the border line, at least the appellant there had authority as a manufacturer under Section 3717.52, Revised Code, whereas the only licenses needed by restaurant operators such as this appellant have nothing to do with manufacturing.
The decision of the Board of Tax Appeals in the Canteen case was affirmed solely on the authority of the Jer-Zee case. While the appellant in the Canteen case was held to be a manufacturer, it may be noted that the actual manufacturing operation there was initiated by the purchaser or consumer placing a coin in the machine to produce the drink of his choice. In any event, neither case is controlling or persuasive in the case before us.
The primary purpose of the appellant here is to serve prepared food to the general public. Preparation and mixing of the food from raw materials (as, for example, Salisbury steak and salads) certainly partake of a manufacturing process, but not heretofore during the many years of existence of the statutory definition has one thought of a restaurant proprietor as a manufacturer.
Other courts have pondered the distinction between a “manufacturer” and a “merchant.” The appellant here con *104 tends that, until he sells the prepared food, he is a manufacturer, and, accordingly, his personal property used in the preparation of such food should be listed as manufacturing-equipment, and that he is a merchant only as to the fixtures used in the serving and sale of the prepared foods.
It has been held that “the marked distinction between a manufacturer and a merchant is that the merchant, or dealer, sells to earn a profit, and the manufacturer sells to take profit already earned. He must buy the materials out of which to make his finished product, and he must sell the product of his factory after it is finished. But such dealings are not his occupation. The one supplies him with the materials with which to pursue it, while the other merely enables him to take the profit earned.” Chattanooga Plow Co. v. Hays, Clerk, 125 Tenn., 148, 140 S. W., 1068. See, also, Commonwealth v. Meyer, 180 Va., 466, 23 S. E. (2d), 353; United Biscuit Co. v. Stokes, Commr., 174 Tenn., 111, 124 S. W. (2d), 230; City of Ozark v. Hammond, 329 Mo., 1118, 1122, 49 S. W. (2d), 129, 131; Ward Baking Co. v. City of Ste. Genevieve, 342 Mo., 1011, 1014, 119 S. W. (2d), 292, 293; 26 Words and Phrases, 642.
Coming to the facts disclosed by the record in this case, the appellant’s restaurant is open for service 16 hours a day, seven days a week. Testimony of the appellant detailed the procedure required to cook meals, to prepare milkshakes and short-order foods, and to prepare baked goods and other dinner foods. It is quite apparent from this record that the cooking is only a part of the service involved in the operation of the retail business of a restaurant. The reasoning of the cases already cited distinguishing between a manufacturer and a merchant seems more persuasive in the instant case than the Jer-Zee and Canteen cases, supra. Sale of materials already manufactured in order to take a profit already earned differs greatly from sale at retail of foods cooked primarily at the time and for the purpose of sale in a retail food-service business.
We find that the decision of the Board of Tax Appeals is neither unreasonable nor unlawful, and it is, therefore, affirmed.

Decision affirmed,.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell, Herbert and Peck, JJ., concur.