**PETROLENE, INC., et al., Plaintiffs-Respondents,**

v.

**CITY OF ARNOLD, Defendant-Appellant.**

No. 58298.

Supreme Court of Missouri,
Division No. 1.

Nov. 12, 1974.

Thurman, Nixon, Smith, Howald, Weber & Bowles, Jeremiah Nixon, Joseph P. Cunningham, III, Hillsboro, for plaintiffs-respondents.

Robert L. Brown, Arnold, for defendant-appellant.

David V. G. Brydon, James C. Swearengen, Graham & Hawkins, Jefferson City, for amicus curiae.

LAURANCE M. HYDE, Special Commissioner.

Action to declare an ordinance of the city void in its application to plaintiffs and to enjoin its enforcement against plaintiffs. The court found for plaintiffs and enjoined defendant from enforcing the ordinance against plaintiffs. The city has appealed and we affirm.

Plaintiffs are distributors of liquid petroleum products, known as LPG. Defendant is a third class city. The ordinance involved provided for a license tax of five per cent of the gross receipts on public utilities "engaged in the business of supplying or furnishing electricity, electrical power, electrical service, gas, gas service, telegraph service or exchange telephone service in the City of Arnold." Public utility was defined as "every individual, firm, corporation, partnership, joint venture, business trust, receiver and any other person, group, combination or association" engaged in such business.

■ "[M]unicipal corporations have no inherent power to levy and collect taxes, but derive their powers in that respect from the lawmaking power. * * * 'The taxing power belongs alone to sovereignty.'" Thus municipal corporations "have no inherent power of taxation, consequently they possess only such power in respect thereto which has been granted to them by the Constitution or the statutes." State ex rel. Emerson v. Mound City, 335 Mo. 702, 73 S.W.2d 1017, 1025 (banc 1934), 94 A.L.R. 923, 934. Therefore, both parties say we have jurisdiction on the ground that this case involves the construction of the revenue laws of this state. Section 94.110, RSMo 1969, V.A.M.S. cited as the law to be construed authorizes third class cities to levy and collect a license on many businesses; the one relied on by the city specifies "gas companies." Plaintiffs claim they are not "gas companies" meant by § 94.110. They also raise constitutional grounds hereinafter stated. We hold we have jurisdiction under § 3, Art. V, Mo. Constitution, V.A.M.S., as amended 1970. Cases holding jurisdiction is in this court on the construction of revenue laws involving taxes imposed by city ordinances (authorized by statute) are General Installation Co. v. University City, 379 S.W.2d 601, 602 (Mo.banc 1964); Long v. City of Independence, 360 Mo. 620, 229 S.W.2d 686 and cases cited 687 (1950).

■ The principal issue here is whether LPG dealers come within the licensing authority granted to the city by § 94.110. Plaintiffs cite City of Odessa v. Borgic, 456 S.W.2d 611 (Mo.App.1970), and Siemens v. Shreeve, 317 Mo. 736, 296 S.W. 415 (banc 1927), holding licensing authority granted is to be strictly construed

against the city. This is the general rule thus stated in 71 Am.Jur.2d, State and Local Taxation § 87, p. 410: "[A] grant by the legislature of the taxing power to a municipal corporation is to be strictly construed." As held in Siemens (296 S.W. l.c. 418): "[U]nless the business avocation, pursuit, or calling sought to be taxed by the municipal corporation is specifically named as taxable in the charter, or unless such power is conferred by statute, the power to tax is not clearly and unambiguously delegated, and therefore consistent with the general sound policy of the law, it cannot be exercised." This ruling was followed by this court in Automobile Club of Missouri v. City of St. Louis, 334 S.W.2d 355, 362 (Mo.1960), 83 A.L.R.2d 612. See also City of St. Charles v. St. Charles Gas Co., 353 Mo. 996, 185 S.W.2d 797 (1945); Moots v. City of Trenton, 358 Mo. 273, 214 S.W.2d 31 (1948); City of Bolivar v. Ozark Utilities Co., 238 Mo.App. 860, 191 S.W.2d 368 (1945); City of Hannibal v. Minor, 224 S.W.2d 598 (Mo.App.1949); City of Odessa v. Borgic, 456 S.W.2d 611, 617 (Mo.App.1970). Furthermore, § 71.-610, RSMo 1969 V.A.M.S., provides: "No municipal corporation in this state shall have the power to impose a license tax upon any business avocation, pursuit or calling, unless such business avocation, pursuit or calling is specially named `as taxable in the charter of such municipal corporation, or unless such power be conferred by statute."

LPG is transported and sold in liquefied state, measured by the gallon and stored by customers in a liquid state. Natural gas is handled in a gaseous state and is measured by the cubic foot. LPG dealers do not have or need the power to place pipes in public streets or condemn property. These and other differences have caused our Legislature to provide for different regulation and supervision by different state agencies. The Public Service Commission Law, Chapter 386, applies to "gas corporation" meaning those "owning, operating, controlling or managing any gas plant operating for public use." § 386.020(11). "Gas plant," § 386.020(10) stated as being property "used [for] * * * the manufacture, distribution, sale or furnishing of gas, natural or manufactured, for light, heat or power." The term "public utility" includes "gas corporations." § 386.020(25). See also Chapter 393, §§ 393.010–393.510. Liquid petroleum gas companies are not included under the jurisdiction of the Public Service Commission but are regulated instead by the Department of Revenue under Chapter 323 (§§ 323.010–323.110). Chapter 323 is entitled "Liquefied Petroleum Gases" and provides for registration, regulation and inspection of distributors of liquefied petroleum gas with penalty for violation. Thus it is the policy of this State to separately provide for registration and regulation of those dealing with LPG by a different state agency from those dealing with gas. Dealers in LPG are not considered public utilities and their rates are not made subject to regulation. We also note that the city ordinance involved only provides for a license tax on those engaged in the business of furnishing "gas" and "gas service." Thus the ordinance is really no more definite than the statute, § 94.110, relied on for the authority to require a license tax on LPG dealers.

■ In Lee v. Wood, 126 Fla. 104, 170 So. 433 (1936), it was held that a statute establishing a tax on the business of selling "natural or manufactured gas for light, heat or power" did not apply to a product which was "a liquid when sold but is transformed into gas when released, and when so released is used as a fuel for cooking, heating, and other like purposes." The court said (170 So. 1.c. 434) there was substantial evidence to support the trial court's finding that "the product 'protane' is a liquid and not a gas when sold by the dealer to the customer"; "that statutes when enacted for the purpose of laying a tax must be given that construction which

is most favorable to the taxpayer"; and that "since this statute lays the tax on the business of selling gas and not upon the business of selling that which may be easily converted into gas" it was properly held the statute taxing the business of selling gas did not apply to it. We consider we should make this same ruling under the situation in this State providing separate regulation. We therefore hold that LPG dealers are not "gas companies" within the meaning of § 94.110, which as we have noted must be strictly construed.

 The constitutional issue plaintiffs raise is that the gross receipts tax ordinance of defendant is invalid because it violates Section 3, Article X of our Constitution which requires a tax to be uniform upon the same class of subjects, citing City of Cape Girardeau v. Fred A. Groves Motor Co., 346 Mo. 762, 142 S.W.2d 1040 (1940). Defendants say this tax did not apply to and was not collected from filling stations, hardware stores and drugstores, which sell LPG in some form, including sales by some of LPG in twenty-pound cylinders and in small tanks for camp stoves. Because of the view we take of the construction of § 94.110, as not authorizing the tax defendant city sought to collect from plaintiffs, it is not necessary to decide this issue.

■ Defendant also says the court's judgment was overbroad prohibiting defendant from exercising valid police powers and should be altered to enjoin it from enforcing the ordinance involved against the named plaintiffs in any way. Defendant says this judgment prevents it from arresting agents of plaintiffs for violating other of its ordinances. However, the judgment enjoined the defendant "from enforcing its ordinance providing for a license tax against the named plaintiffs in this action in any way, including the filing of complaints, instituting suits, arresting agents of plaintiffs or in any way interfering with their sale of LPG products within the City." We do not consider this judg-

ment to apply to any ordinance other than the one involved in this action.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court.

All of the Judges concur.