Dear Mr. Wiggins:
This opinion is in response to your questions asking:
 1. May a city of the third class lawfully levy and collect a license tax on electricians?
 2. Does a city of the third class have lawful authority to regulate the business of electricians by requiring electricians to first obtain a license the issuance of which is conditioned on the electrician satisfactorily passing a proficiency exam?
In regard to the first question, the authority of a third class city to require a license fee or tax must be derived from the constitution or statute.
 "A city has no inherent power to tax. This power rests primarily in the state and may be delegated by constitutional provision or by statutory enactment. The authority to tax must be expressly granted or necessarily incident to the powers conferred, and in case of doubt the power is denied." Siemens v. Shreeve, 296 S.W. 415, 416 (Mo. banc 1927).
The authority to impose a license tax is to be strictly construed against the city. Petrolene, Inc. v. City ofArnold, 515 S.W.2d 551, 552 (Mo. 1974). Courts have interpreted these principles and the provisions of Section71.610[1] to require that the occupation, trade or profession being subjected by ordinance to the fee or tax must be specifically named in the authorizing constitutional or statutory provision. Petrolene, Inc. v. City of Arnold,supra at 552-553; Siemens v. Shreeve, supra at 418. There must be a specific naming of the occupation in the constitutional or statutory provision providing the authority to impose the fee or tax. City of Odessa v. Borgic, 456 S.W.2d 611,617 (Mo.App. 1970).
Insofar as third class cities are concerned, the legislature provided three separate areas of taxing or regulatory authority in Section 94.110, RSMo 1986. First, there is the authority simply to tax; second, there is the authority to impose a license tax and to regulate; and, third, there is the authority to impose a license tax, "regulate, restrain, prohibit and suppress." Anderson v. City of Olivette,518 S.W.2d 34, 39 (Mo. 1975). The portions of Section 94.110
relevant to your questions are as follows:
 94.110. License taxes on certain businesses. — The council shall have power and authority to levy and collect a license tax on . . . street contractors, paper hanger contractors, painting contractors, plastering contractors, and all subcontractors, . . ., and all other vocations whatsoever, . . .; and to levy and collect a license tax and regulate . . . sewer contractors, building contractors, stone contractors, plumbing contractors, brick contractors, cement contractors, sidewalk contractors, bridge contractors, and all subcontractors, . . .; and all others pursuing like occupations; and to levy and collect a license tax, regulate, restrain, prohibit and suppress . . ., and all other vocations and business whatsoever, and all others pursuing like occupations.
Electricians or electrical contractors are not specifically named in Section 94.110. Concluding phrases such as "all others pursuing like occupations" and "all other vocations and business whatsoever," are too general to empower the city to tax an occupation not specifically named. Courts have held that Section 71.610 prohibits the use of general concluding phrases to serve as authority for municipal corporations to impose license fees or taxes on those businesses and trades not specifically designated. See, for example, City ofIndependence v. Cleveland, 167 Mo. 384, 67 S.W. 216 (1902) (". . . and all other businesses, trades and avocations whatever,"); Siemens v. Shreeve, supra, (". . . and to license, tax and regulate all occupations . . . not heretofore enumerated, of whatsoever name or character, like or unlike, . . ."); Moots v. City of Trenton, 214 S.W.2d 31 (Mo. 1948) (". . . and all other vocations and business whatsoever, and all other pursuing like occupations"); City of Ozark v. Hammond,329 Mo. 1118, 49 S.W.2d 129 (1932) (". . . and all other business, trade and avocations whatever, . . ."). The rationale behind these holdings was based on the legislative history of what is now Section 71.610, RSMo 1986.
 "Reverting to Section 71.610, we take note of its historical background. Enacted initially in 1889, (as Section 1900), its passage was intended to curb attempts by certain municipal authorities to appropriate and exercise power to license and tax `all other business, trades, avocations or professions whatever' in addition to those specifically named in the city charter — all contrary to what had previously been the long established and well recognized legal policy of the state. See, City of St. Louis v. Laughlin, 49 Mo. 559 decided in 1872, wherein Judge Wagner wrote that `the state might delegate the authority, (to impose occupation license taxes) but it should be done in clear and unambiguous terms' and that `to give the words "all other business, trades, avocations or professions" the meaning contended for (under the rule of ejusdem generis) would give the city the power of taxation by license over nearly every laborer. I am of the opinion that the Legislature had no such intention in view.'" City of Odessa v. Borgic, supra
at 614.
As the court in Siemens v. Shreeve, supra, stated, the rule of strict construction was to prevent cities from making a "wholesale delegation of the taxing authority" to themselves by use of such all inclusive phrases. Id. at 418.
Based on the above authorities, we conclude that a city of the third class does not have legal authority to levy and collect a license tax on electricians.
Your second question concerns the authority of the city to regulate electricians by requiring them to obtain licenses conditioned on their passing a proficiency examination. In view of our answer to your first question, it is assumed that the license is not conditioned upon the payment of any type of license fee or tax. The standard for deciding whether a third class city is granted such regulatory authority is set forth inAnderson v. City of Olivette, supra at 37 and 39:
 "`In its relations with cities the state retains control to a great extent over the governmental functions of a city. Exercise of the police power is a governmental function, the control of which remains in the state. A city has no inherent police power. Its authority to exercise such power within a particular field must come from a specific delegation by the state or in certain cases from the express or fairly implied grant of powers of its charter.' [quoting from Tietjens v. City of St. Louis, 359 Mo. 439, 222 S.W.2d 70, 73 (banc 1949)]
* * *
 "A municipal corporation such as appellant [a third class city] is a creature of the legislature, possessing only those powers expressly granted or those necessarily or fairly implied in or incidental to express grants, or those essential to the declared objects of the municipality. City of St. Louis v. Kaime, 180 Mo. 309, 79 S.W. 140, 143 (1904). Any reasonable doubt as to whether a power has been delegated to a municipality is resolved in favor of nondelegation. Tietjens v. City of St. Louis, supra. Insofar as third class cities are concerned, the legislature has gone to such detail in specifying the businesses and callings which may be the subject of municipal legislation."
If a specific trade or type of business is not named in Section 94.110 as being subject to the regulatory power of a third class city, the city may not regulate that trade or business. Anderson v. City of Olivette, supra at 39. Neither can reference to the general police powers of the city serve as authority for such regulation. Id.
 CONCLUSION
It is the opinion of this office that: (1) a city of the third class is not authorized to levy and collect a license tax on electricians, and (2) a city of the third class is not authorized to regulate the business of electricians by requiring electricians to first obtain a license, the issuance of which is conditioned on the electrician satisfactorily passing a proficiency exam.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
[1] Section 71.610, RSMo 1986, provides:
 71.610. Imposition of tax on business, when. — No municipal corporation in this state shall have the power to impose a license tax upon any business, avocation, pursuit or calling, unless such business, avocation, pursuit or calling is specially named as taxable in the charter of such municipal corporation, or unless such power be conferred by statute.